**Raymond F. RINGWALD, Sr., Plaintiff-Appellee,**

v.

**R. D. HARRIS, Defendant-Appellant.**

No. 81–4352
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 14, 1982.

Walter B. Conway, Houston, Tex., for defendant-appellant.

Michael B. McDermott, Biloxi, Miss., for plaintiff-appellee.

Before RUBIN, SAM D. JOHNSON and GARWOOD, Circuit Judges.

GARWOOD, Circuit Judge:

In November 1980, plaintiff-appellee Ringwald filed suit on a promissory note in the Circuit Court of Harrison County, Mississippi, against R. D. Harris, defendant-appellant. Shortly thereafter, Ringwald filed suit in the Chancery Court of Harrison County against Harris and his wife to set aside certain conveyances made by Harris to his wife, alleging that the conveyances were without consideration and were made just following institution of the note suit for the purpose of hindering, delaying, and defrauding Harris' creditors, particularly

Ringwald in his effort to collect on the note. Each suit was removed to the United States District Court for the Southern District of Mississippi on the basis of diversity of citizenship, as the Harrises were citizens of Texas and Ringwald was a citizen of Mississippi.

Following the removal, the district court entered an order, on its own motion, reciting that the two cases "should be consolidated for all purposes, including trial . . ." and ordering that the fraudulent conveyance suit "should be and hereby is consolidated with" the suit on the note "for all purposes, including trial."[1]  Thereafter, Ringwald filed in the consolidated causes a document entitled "Motion For Summary Judgment," requesting summary judgment on the note and a partial summary judgment in the fraudulent conveyances action. The district court then entered an order sustaining Ringwald's motion and granting a summary judgment in the note suit and a partial summary judgment in the fraudulent conveyances suit to the extent of establishing the defendant Harris' liability on the note. This was accomplished in a single instrument entitled "Judgment."[2]

Rule 54(b), F.R.C.P., provides in part:

"When more than one claim for relief is presented in an action, . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties *only* upon an *express* determination that there is no just reason for delay *and* upon an *express* direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties . . . ." [Emphasis added.]

The "judgment" in question does not contain an "express determination that there is no just reason for delay," nor does it contain an "express direction for the entry of judgment."[3]  Ordinarily, in these circumstances this Court would clearly be obliged, on its own motion and notwithstanding the failure of either party to raise the question, to dismiss the appeal for want of jurisdiction. *Kirtland v. J. Ray McDermott & Co.*, 568 F.2d 1166 (5th Cir. 1978); *Johnson v. McDole*, 526 F.2d 710 (5th Cir. 1976); *Melancon v. Insurance Company of North*

1. No complaint was made below, nor is any here made, as to the consolidation, and it appears entirely proper. Plainly, common questions of law and fact were present.

The Ringwald note was given in part payment of the purchase price of certain property in Biloxi, Mississippi, which was later conveyed by Harris and his wife to a third party, part of the consideration being a note to Harris and his wife secured by a deed of trust on the property. The alleged fraudulent conveyances were Harris' conveyance to his wife of his interest in this latter note and deed of trust and of his interest in another Biloxi tract which had previously been conveyed to both of them. The fraudulent conveyance suit alleged Harris' wife acted in collusion with him to defraud his creditors, particularly Ringwald. The defendants alleged Harris' conveyances to his wife were merely for the purpose of putting legal title in her to property which Harris had been holding for her as constructive trustee. In each suit it was asserted in defense that nothing was owing on the Ringwald note as Ringwald had misrepresented the property to both the Harrises. The only alleged debt of Harris was his note to Ringwald.

The same attorneys represented the respective parties in each suit, and indeed it appears likely these suits would have been filed as one action had it not been for the Mississippi division of law and equity courts. Had the original filing been in the federal court such a joinder would have been proper. *See Sudderth v. National Lead Company*, 272 F.2d 259, 261 (5th Cir. 1959).

2. This instrument also contains the court's reasons for granting the plaintiff's motion for summary judgment and partial summary judgment. It is the only instrument of record purporting to be a judgment, and there is no separate document constituting a judgment as called for by Rule 58, F.R.C.P. As neither of the parties has objected to the judgment not being set out on a separate document, we can regard this deficiency as waived. *See Bankers Trust Co. v. Mallis*, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978).

3. Nor is any such determination, or any such direction, contained in any other document of record. Moreover, the record contains no order severing the previously consolidated suits.

*America,* 476 F.2d 594 (5th Cir. 1973); *United States v. Crow, Pope and Land Enterprises, Inc.,* 474 F.2d 200 (5th Cir. 1973); 10 Wright & Miller, Federal Practice and Procedure: Civil § 2660 (1973). Here, however, two originally separate suits were consolidated "for all purposes," and the question arises whether a post-consolidation single judgment or order that disposes of all parties and claims in one of the originally separate suits, but not in the other, is governed by the quoted provisions of Rule 54(b).

There appears to be little direct authority on this point. There is broad language in certain opinions that for purposes of Rule 54(b) consolidated suits retain their separate identities, so that compliance with the rule is determined as if there had been no consolidation. *See, e.g., In re Massachusetts Helicopter Airlines, Inc.,* 469 F.2d 439 (1st Cir. 1972). These expressions are generally based on the statement in *Johnson v. Manhattan Ry. Co.,* 289 U.S. 479, 496–97, 53 S.Ct. 721, 727–28, 77 L.Ed. 1331 (1933), that "consolidation . . . does not merge the suits into a single cause . . . ." In contrast, other cases appear to view consolidation as in effect merging the previously separate suits for purposes of finality of judgment. *See Firestone Tire & Rubber Co. v. General Tire & Rubber Co.,* 431 F.2d 1199 (6th Cir. 1970), *cert. denied,* 401 U.S. 975, 91 S.Ct. 1196, 28 L.Ed.2d 325 (1971). Still other decisions indicate that the result will turn on the extent and purposes of the consolidation. *See, e.g., Jones v. Den Norske Amerikalinje A/S,* 451 F.2d 985, 986–87 (3rd Cir. 1971) (where the "order of consolidation was not for all purposes but only for trial," compliance with Rule 54(b) would be judged as if

there were no consolidation); *Bogosian v. Gulf Oil Corp.,* 561 F.2d 434, 441 (3rd Cir. 1977), *cert. denied,* 434 U.S. 1086, 98 S.Ct. 1280, 55 L.Ed.2d 791 (1978) (for purposes of Rule 54(b) ". . . at least absent consolidation for all purposes of cases separately filed, each civil action is to be viewed as a separate unit"). In our view, the latter approach is preferable. We do not consider *Johnson* as mandating a different rule. *Johnson* predated the Rules of Civil Procedure and the Court did not have before it any issue relating to the finality or completeness required of a judgment as a predicate for appeal. Moreover, the precise nature of the consolidation ordered in *Johnson* is not clear.

Consolidation is now governed by Rule 42(a), F.R.C.P., which provides:

> "(a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

Whether Rule 42(a) makes an inherent distinction between ordering a joint trial or hearing of some or all issues in separate actions and ordering that the actions be consolidated, is the subject of some scholarly debate. Whatever the proper resolution of this question may be, the wording and structure of the rule strongly suggest that consolidation is not *confined* to ordering that all hearings and trial of all issues in the actions be joint.[4] Moreover, it is recognized that under Rule 42(a) "one or many or all of the phases of the several actions may

---

4. The rule's first clause does not speak of consolidation; and what it authorizes to be made "joint" is the hearing or trial of any or *all* of the issues, not the actions themselves. However, under the second clause it is the "actions" which are ordered "consolidated." The third clause authorizes ordering proceedings so as to avoid unnecessary delay or costs. Presumably, the second clause grants some consolidating power not covered by the first and third. For the view that the wording of Rule 42(a) suggests there are distinctly different kinds of "consolidation," *see* 9 Wright & Miller, Federal

Practice and Procedure: Civil § 2382 (1971). However, at least one commentator has observed that "[t]his wording should not serve to give renewed life to a mistaken notion that there is some inherent distinction between a joint hearing (or trial) of particular issues, and consolidation." 5 Moore's Federal Practice § 42.02 (2nd Ed. 1981). The statutory predecessor to Rule 42(a) was 28 U.S.C. § 734 which authorized the court to "consolidate . . . causes," and to make orders "concerning proceedings" so as to avoid "unnecessary costs or delay." Section 734 was hence similar to the

be merged." 5 Moore's Federal Practice § 42.02 (2nd Ed. 1981).

With respect to the effect of consolidation on Rule 54(b), 9 Wright & Miller, Federal Practice and Procedure: Civil § 2386 (1971), contains the following commentary:

"Although it is usually said that consolidated actions do not lose their separate identity, a state court has reasoned very persuasively that they should be treated as a single action for purposes of Rule 54(b), and that a judgment in the consolidated cases that does not dispose of all claims and all parties is appealable only if certified as that rule requires. [Citing *State ex rel. Pacific Intermountain Exp., Inc. v. District Court of Second Judicial Dist.*, Wyo.1963, 387 P.2d 550, 552] [footnotes omitted]."

While a consolidation may not in every respect merge separate actions into a single suit, we see no reason why a proper consolidation may not cause otherwise separate actions to thenceforth be treated as a single judicial unit for purposes of Rule 54(b) when the consolidation is clearly unlimited and the actions could originally have been brought as a single suit.[5] This much, we think, is likely implied by the statement in the Advisory Committee notes to Rule 42: "For the entry of separate judgments, see Rule 54(b)."[6]

Therefore, we hold that where, as here, there is proper consolidation of causes that could have been filed as a single suit, and the consolidation is clearly for all purposes, the provisions of Rule 54(b) must be complied with notwithstanding that the judgment or order in question disposes of all the claims and parties in one of the original actions.[7] Because the judgment in the instant case does not comply with Rule 54(b), the appeal is dismissed. The dismissal, however, is without prejudice to the right to seek another appeal should proper certification in accordance with Rule 54(b) subsequently be granted by the district court.

Accordingly, the appeal is DISMISSED for lack of jurisdiction and the cause is REMANDED to the district court for further proceedings.

second and third clauses of Rule 42(a), but did not contain an express provision for a joint hearing or trial, as does the first clause of Rule 42(a). The addition of the clause for a joint hearing or trial suggests that the drafters of the rule wished to distinguish between such an order and one for consolidation of the actions. The Advisory Committee notes to Rule 42 state that subdivision (a) is "based upon" § 734 "but in so far as the statute differs from this rule, it is modified." Accordingly, the view that there is no distinction between joint trial and consolidation may be questionable to the extent that it is traceable to the pre-rule authority.

5. We recognize that some suits may be consolidated even though they could not have originally been combined for filing as a single action and that, conversely, not all actions which might have been originally filed jointly in a single suit are necessarily subject to consolidation when they have been filed separately. 9 Wright & Miller, *supra* § 2382 at 256. We leave for another day the question of the effect on Rule 54(b) of a proper consolidation for all purposes of causes which could *not* have been joined together for filing as a single suit.

6. Conceivably this note could be directed only to Rule 42(b). However, there is nothing to so indicate, and the language appears in a separate paragraph at the end of the notes, apparently applicable to Rule 42 in its entirety.

7. This is not necessarily at variance with the result in *Massachusetts Helicopter Airlines*, for there the consolidation was apparently only "for convenience of pre-trial and trial procedure," the cases having otherwise "maintained their separate identities throughout the litigation." 469 F.2d at 441. Nor do we read *Belmont Place Associates v. Blyth, Eastman, Dillon and Company*, 565 F.2d 1322 (5th Cir. 1978), as leading to a contrary conclusion. In *Belmont*, we held that a counterclaim was not severed from the main action by being consolidated with another suit. The opinion does not disclose the terms of the order for consolidation, which may have been only for trial. In any event, the crucial factor was the trial court's failure to employ the available and more completely separating device of a severance under Rule 21. In contrast, when the trial court orders consolidation for all purposes of the entirety of two separately filed suits under Rule 42(a) it is employing its maximum power to combine the actions.