**Sharon M. IVANOV–McPHEE, Plaintiff-Appellant,**

v.

**WASHINGTON NATIONAL INSURANCE COMPANY, and Herbert Geist, Defendants-Appellees.**

No. 82–2809.

United States Court of Appeals, Seventh Circuit.

Argued May 9, 1983.

Decided Oct. 26, 1983.

Charles R. Watkins, Sachnoff, Weaver & Rubenstein, Ltd., Chicago, Ill., for plaintiff-appellant.

Danae K. Prousis, Winston & Strawn, Chicago, Ill., for defendants-appellees.

Before PELL and CUDAHY, Circuit Judges, and GIBSON, Senior Circuit Judge.*

CUDAHY, Circuit Judge.

Appellant, Sharon M. Ivanov-McPhee, brought a total of ten lawsuits alleging employment discrimination; four of these suits named the appellee, Washington National Insurance Company ("Washington National") as a defendant. The ten cases were consolidated on motion of the plaintiff for purposes of discovery and trial, and a multiple-count complaint was filed. The district court dismissed Washington National from the case, and Ms. Ivanov-McPhee appealed. We dismiss the appeal for lack of jurisdiction.

I

In 1978 Sharon M. Ivanov-McPhee brought an action *pro se* (docketed as No. 78 C 2948) alleging that Washington National had discharged her in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.* Between 1978 and 1980, Ms. Ivanov-McPhee filed nine additional *pro se* lawsuits against a number of other defendants, alleging discrimination and retaliation. Three of these additional lawsuits named Washington National as a defendant. In No. 79 C 4697, Ms. Ivanov-McPhee sued Washington National and the Metropolitan Life Insurance Company, alleging that Metropolitan had discrimina-

* The Honorable Floyd R. Gibson, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, is sitting by designation.

torily refused to hire her and that Washington National had retaliated against her for having filed discrimination charges, by giving out false adverse information about her to potential employers; if proven, such retaliation may constitute a violation of Title VII, *see* 42 U.S.C. § 2000e–3. In No. 79 C 4933, Washington National was sued as a co-defendant with Victor Mascula and Sun Life Insurance Company for acts of retaliation involving the circulation of bad references; in No. 79 C 4936, Washington National was sued, along with Equifax Services, Inc., on similar grounds. The six other *pro se* actions filed in 1978 and 1979 did not name Washington National but focused primarily upon allegations of discrimination by various potential employers against Ms. Ivanov-McPhee resulting from her filed charges under Title VII.

After the district court appointed counsel for the plaintiff, Ms. Ivanov-McPhee moved in 1980 to consolidate all ten actions for discovery and trial and to file one amended complaint with respect to them all. The court granted this motion; and ultimately a thirteen-count Second Amended Complaint was filed, setting forth the plaintiff's claims against all of the defendants in the ten consolidated cases. In an order dated October 12, 1982, the district court dismissed several of the counts alleged in the amended complaint, including the three counts which involved Washington National; however, other counts and other defendants named in the counts against Washington National remain below.

On November 4, 1982, the plaintiff filed a notice of appeal "from the judgment and order entered against her dismissing her Second Amended Complaint as against defendant Washington National Insurance Co....." The appellant's brief limited itself to discussion of the issues raised by dismissal of Case No. 78 C 2948, the original discriminatory discharge suit against Washington National; and appellant continues to insist that it is only that action which is before us on appeal.

On May 9, 1983, oral argument was held in this case. At that time this court raised *sua sponte* the question of jurisdiction, since the discharge claim against Washington National was only one segment of the multi-party action below, and no certification under Federal Rule of Civil Procedure 54(b) had been obtained from the district court. Upon order of the court, supplemental briefs on this question were subsequently filed by both parties. In them, Ms. Ivanov-McPhee argues that her original action against Washington National, although part of a consolidated case, has retained its separate identity. Since the October 12th order disposed of that case in its entirety, she contends that the judgment is a final order as to No. 78 C 2948 and appealable without Rule 54(b) certification. Washington National, on the other hand, maintains that the ten separate actions were merged into one lawsuit by the consolidation and filing of the amended complaint and that, absent Rule 54(b) certification, this court does not have jurisdiction over what is an appeal from an order dismissing some but not all of the parties from a multi-party action.

## II

We are faced with an apparent collision between two rules of law. This court, of course, has jurisdiction only over appeals as to which a final judgment has been entered by the district court. 28 U.S.C. § 1291. In a case involving multiple claims or multiple parties, the district court may direct the entry of a final judgment as to fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. FED.R. CIV.P. 54(b). The policy underlying both the finality rule and the requirement of Rule 54(b) certification is to prohibit "piecemeal" appeals except under certain limited circumstances. *See* FED.R.CIV.P. 54(b) advisory committee note.

On the other hand, another rule as generally articulated indicates that actions which have been consolidated do not lose their separate identity. *See, e.g.,* 9 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2382, at 255 (1971); *Johnson v.*

*Manhattan Railway Co.,* 289 U.S. 479, 496–97, 53 S.Ct. 721, 727–28, 77 L.Ed. 1331 (1933).[1] This supposed separate existence has led some courts to conclude that Rule 54(b) certification is not a prerequisite to appeal when the district court enters an order finally determining an individual action which has been consolidated with others. *See, e.g., In re Massachusetts Helicopter Airlines, Inc.,* 469 F.2d 439, 441 (1st Cir.1972). We note, however, that the cases which have so held have primarily involved multiple plaintiffs, *see id.; Jones v. Den Norske Amerikalinje A/S,* 451 F.2d 985 (3d Cir.1971), and have therefore implicated the concern that individual litigants retain control over the conduct of their own litigation. *See Massachusetts Helicopter,* 469 F.2d at 441; 15 C. WRIGHT, A. MILLER, & E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3914, at 544 (1976). The case before us, on the other hand, involves a single plaintiff who has obtained consolidation of a number of lawsuits upon her own motion.

This difference illustrates that there are many different types of consolidation—of plaintiffs, of multiple defendants, of both plaintiffs and defendants, of claims—and the consolidation may be for more or less limited purposes. Wright and Miller speak of three different types of consolidation, including ones:

> (2) Where several actions are combined into one, lose their separate identity, and become a single action in which a single judgment is rendered. An illustration of this is the situation in which several actions are pending between the same parties stating claims that might have been originally set out as separate counts in one complaint.
>
> (3) Where several actions are ordered to be tried together but each retains its separate character and requires the entry of a separate judgment. This type of consolidation does not merge the suits into a single action, or cause the parties to one action to be parties to another.

9 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2382, at 254 (1971).

It is not immediately clear which type of consolidation has occurred in the case at hand. Appellant argues that the consolidation was only for limited purposes and thus that the consolidated suits each retain their separate identity. Appellee responds that the ten suits have been superseded by the amended complaint and thus are merged, retaining no separate identity of substance. The record is not straightforwardly conclusive on this question. Judge Moran never explicitly said that the cases were consolidated for all purposes, although he did state in his order that "the actions were consolidated into one suit, which has gradually evolved into the current form—a thirteen-count second amended complaint." The plaintiff's motion which resulted in consolidation of the cases requested that the cases be "consolidated for trial"; and, in her response to the defendant Orkin's motion for severance or separate trial, the plaintiff argued that the cases were and should remain consolidated for both trial and discovery purposes. Appellee's Supp.App. at 63–64. On the other hand, separate docket sheets continued (and continue) to be maintained in the district court for each of the ten cases. Apart from the maintenance of these separate docket entries, however, we can perceive no purpose for which these actions have not been treated as one. From the evidence before us, thus, the case here appears to be more like Wright and Miller's "style 2" consolidation than like "style 3." The actions could have been brought originally in a single action, *see* 6 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1582 (1971)—and likely would have been, had plaintiff not been proceeding *pro se.*

In any event, the policy concerns involved in the appealability of a consolidated case may lead us in differing directions with respect to the different kinds of consolidation. In a recent case, the Court of Appeals for the Fifth Circuit seems to have been

---

**1.** *Johnson v. Manhattan Railway Co.,* 289 U.S. 479, 53 S.Ct. 721, 77 L.Ed. 1331 (1933), predated the Federal Rules of Civil Procedure and did not involve any issue relating to the finality of a judgment as a predicate for appeal.

guided by the impact of these considerations of policy. In *Ringwald v. Harris,* 675 F.2d 768 (5th Cir.1982), the court confronted an appeal from a consolidated action against two defendants; the district court, which had entered an order reciting that the two cases were consolidated for all purposes, including trial, subsequently entered an order granting summary judgment as to one of the consolidated suits and as to one of the claims against one defendant. An appeal was taken, although no Rule 54(b) certification had been obtained. After discussing the case law, the court reasoned that:

> While a consolidation may not in every respect merge separate actions into a single suit, we see no reason why a proper consolidation may not cause otherwise separate actions to thenceforth be treated as a single judicial unit for purposes of Rule 54(b) when the consolidation is clearly unlimited and the actions could originally have been brought as a single unit.

675 F.2d at 771. The appeal was then dismissed for failure to comply with Rule 54(b). *Id.*

We think that the standard outlined by the Fifth Circuit in *Ringwald* is an appropriate one to apply here, particularly since we can perceive no interest of the plaintiff which would be seriously undermined by prohibiting her from appealing the dismissal of Washington National until all of her consolidated claims have been adjudicated. Although there is no express statement by the district judge, as there was in *Ringwald,* that the cases were consolidated "for all purposes,"[2] we cannot, as we have discussed above, discern any purposes of substance for which they retain separate identities. Their separate existences, if any, are confined to the formalities of the docket sheets. Second, the actions could have been brought as one suit and were in fact consolidated into one complaint when counsel was appointed for the plaintiff. Lastly, and

perhaps most importantly, we can see no interest of Ms. Ivanov-McPhee's which is harmed by our refusal to hear her appeal at this time. It was she who moved to consolidate in the first place. No objection to the propriety of that consolidation has been made, either to us or to the court below. In fact, the plaintiff objected that severance of defendant Orkin Exterminating Company would work to her disadvantage, and she argued on behalf of treating all of the cases together for discovery and trial. In what the *Massachusetts Helicopter* case referred to as "the delicate balance between the public interest in judicial economy and the private interest of every litigant in the conduct of his own litigation," 469 F.2d at 441, we can see no interest here to outweigh that of the public in the efficiency of the judicial process. We hold, therefore, that where consolidated cases could, without undue burden, have been brought as one action, where there is no clear evidence that they have in substance been consolidated only for limited purposes, and where there is no showing that the appellant's interests will be seriously undermined by dismissal of the appeal, the provisions of Rule 54(b) must be complied with, notwithstanding that the judgment in question disposes of all the claims and parties in one of the original actions. Since no Rule 54(b) certification was obtained in the case before us, the appeal is hereby dismissed for lack of jurisdiction.

---

2. Our task would be made considerably easier in these matters if the district court could regularly state on the record whether consolidated cases have been consolidated "for all purposes." Such a statement would provide a "bright line" in accordance with the decided cases in this area.