804 F.2d 677
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Eberle G. ENSOR, Plaintiff-Appellant,
v.
Paul DAVIS, Baltimore City Jail Warden, Defendant-Appellee.
 No. 86-7214.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 30, 1986.
Decided Nov. 4, 1986.
 
 Eberle G. Ensor, appellant pro se.
 D.Md.
 DISMISSED.
 Before SPROUSE and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Eberle G. Ensor appeals the district court order denying his motion for reinstatement of his complaint filed pursuant to 42 U.S.C. Sec. 1983. The district court consolidated Ensor's complaint with Civil Action No. B-85-2915, filed by Vincente Acevedo Rhodes, due to the similarity of the two actions. Additionally, the court ordered both plaintiffs to amend their pleadings, setting forth facts sufficient to support their claims.
 
 
 2
 Subsequently, the court dismissed Ensor's complaint for failure to file a timely amendment. The court noted that Ensor signed a power of attorney authorizing Rhodes to sign his name to documents pertaining to Ensor's suit. However, the court correctly found that Rhodes is not entitled to act on Ensor's behalf in his Sec. 1983 suit. See Oxendine v. Williams, 509 F.2d 1405 (4th Cir.1975).
 
 
 3
 Ensor then filed a motion to reinstate his civil action. This motion was denied by the district court on May 7, 1986, and Ensor noted this appeal.
 
 Fed.R.Civ.P. 54(b) provides in part that:
 
 4
 When more than one claim for relief is presented in an action ... or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.
 
 
 5
 The May 7, 1986, judgment does not contain any of the determinations or directions referenced in Rule 54(b). The question remains, however, whether Rule 54(b) governs a post-consolidation judgment or order that disposes of all the parties and claims in one of the originally separate suits, but not the other. Ringwald v. Harris, 675 F.2d 768, 770 (5th Cir.1982).
 
 
 6
 Answering this question affirmatively, the Fifth Circuit in Ringwald held that:
 
 
 7
 where ... there is proper consolidation of causes that could have been filed as a single suit, and the consolidation is clearly for all purposes, the provisions of Rule 54(b) must be complied with notwithstanding that the judgment or order in question disposes of all the claims and parties in one of the original actions.
 
 
 8
 Id. at 771. Here, there was proper consolidation of the Ensor and Rhodes complaints and, as the claims were virtually identical, they could clearly have been brought as a single suit. Additionally, the consolidation was expressly made "for all purposes." Thus, as only Ensor's complaint was dismissed, the provisions of Rule 54(b) must be complied with in this case.
 
 
 9
 As Judge Black did not make the determinations or directions mandated by Rule 54(b), the order of May 7 is not properly before this Court. This Court, therefore, lacks jurisdiction to hear Ensor's appeal. See also Robinson v. Parke-Davis and Co., 685 F.2d 912 (4th Cir.1982).
 
 
 10
 Because the dispositive issues have recently been decided authoritatively, we dispense with oral argument and dismiss the appeal for lack of jurisdiction. The dismissal, however, is without prejudice to Ensor's right to appeal should the district court grant proper certification in accordance with Rule 54(b) or upon the entry of final judgment.
 
 
 11
 DISMISSED.