REVISED SEPTEMBER 24, 2002

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 01-40609


In The Matter Of: TRANSTEXAS GAS CORPORATION; TRANSAMERICAN
ENERGY; TRANSAMERICAN REFINING CORPORATION

Debtors


TEXAS COMPTROLLER OF PUBLIC ACCOUNTS; THE TEXAS WORKFORCE
COMMISSION

Appellants

v.

TRANSTEXAS GAS CORPORATION

Appellee


Appeal from the United States District Court
for the Southern District of Texas

August 22, 2002

Before KING, Chief Judge, and REAVLEY and WIENER, Circuit Judges.

KING, Chief Judge:

Appellants the Texas Comptroller of Public Accounts and the
Texas Workforce Commission appeal the district court's judgment
affirming a postjudgment order entered by the bankruptcy court
setting out the interest rate applicable to payments due the
Appellants under Section 3.02(b) of Appellee Transtexas Gas
Corporation's Chapter 11 reorganization plan.  Because we find

1

that the bankruptcy court lacked jurisdiction to enter this order, we VACATE the judgment of the district court and REMAND with instructions that the district court VACATE the bankruptcy court's postjudgment order.

## I. Factual and Procedural Background

We summarize only the factual and procedural information relevant to our disposition of this case. On February 7, 2000, the United States Bankruptcy Court for the Southern District of Texas entered an order ("the confirmation order") confirming Appellee Transtexas Gas Corporation's ("Transtexas") Second Amended Modified and Restated Plan of Reorganization ("the reorganization plan") under Chapter 11 of the United States Bankruptcy Code. See 11 U.S.C. §§ 1101-1174 (2000). The confirmation order provided, inter alia, that a ten percent interest rate would apply to any payments due to Appellants the Texas Comptroller of Public Accounts and the Texas Workforce Commission (collectively, "the state taxing authorities") under Section 3.02(b) of the reorganization plan. The state taxing authorities, who had previously objected to the reorganization plan during the approval process, filed a notice of appeal in the bankruptcy court on February 8, 2000, indicating their intent to appeal the confirmation order to the United States District Court for the Southern District of Texas. Pursuant to Federal Rule of Bankruptcy Procedure 8006, the state taxing authorities also

2

filed a statement of the issues to be presented on appeal.  See FED. R. BANKR. P. 8006 ("Within ten days after filing the notice of appeal . . . the appellant shall file with the clerk and serve on appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented.").  This statement indicated that the issue on appeal was: "Whether the bankruptcy court erred in setting a 10% interest rate for the appellants' unsecured priority tax claims."

On February 16, 2000, the bankruptcy court entered, sua sponte, a "Supplemental Order Regarding Confirmation of Debtor's Second Amended, Modified, and Restated Plan of Reorganization" (the "first supplemental order").  This postjudgment order did not invoke the authority of any particular provision of the Federal Rules of Bankruptcy Procedure or the Federal Rules of Civil Procedure.  The order corrected one error in the reorganization plan (replacing the word "two-thirds" in paragraph eleven of the order with the word "one-third") and reiterated the interest rate applicable to the state taxing authorities' claims, stating: "If and to the extent that the Priority Tax Claims of the Texas Comptroller are [a]llowed, the interest rate applicable to the payments to the Texas Comptroller provided for in Section 3.02(b) of the Plan shall be ten percent (10%) per annum, or such other rate that is determined upon final appeal."  The text of the order clarified that it was "a Final Order . . . subject to immediate appeal."

Also on February 16, 2000, Transtexas filed an "Emergency Motion for Entry of Order Determining Interest Rate Applicable to Priority Tax Claims Asserted by Texas Comptroller of Public Accounts and Texas Workforce Commission" seeking "entry of a separate order from the Order Confirming the Plan which orders that, to the extent that the Priority Tax Claims of the Texas Comptroller are [a]llowed, the interest rate applicable to the payments to the Texas Comptroller provided for in Section 3.02(b) of the Plan shall be ten percent (10%) per annum." This motion did not invoke a particular provision of the Federal Rules of Bankruptcy Procedure or the Federal Rules of Civil Procedure.

On February 17, 2000, the bankruptcy court conducted a telephone hearing to consider Transtexas's motion. The next day, on February 18, 2000, the bankruptcy court issued an "Order Determining Interest Rate Applicable to Priority Tax Claims Asserted by Texas Comptroller of Public Accounts and Texas Workforce Commission" (the "second supplemental order"). This postjudgment order, which also did not invoke the authority of any particular provision of the Federal Rules of Bankruptcy Procedure or the Federal Rules of Civil Procedure, stated:

> Upon record of the Confirmation Hearing, including the objection to confirmation of the Plan filed by the Texas Comptroller of Public Accounts and the Texas Workforce Commission (collectively, "Texas Comptroller") the Court has determined that payment of Priority Tax Claims asserted by the Texas Comptroller, to the extent such claims are [a]llowed, under the Plan is ten

4

> percent (10%) per annum. Accordingly, the
> Court hereby ORDERS . . . [i]f and to the
> extent that the Priority Tax Claims of the
> Texas Comptroller are [a]llowed, the interest
> rate applicable to the payments to the Texas
> Comptroller provided for in Section 3.02(b)
> of the Plan shall be ten percent (10%) per
> annum.

Like the first supplemental order, the second supplemental order was designated as "a Final Order . . . subject to immediate appeal."

On February 28, 2000, the state taxing authorities filed two separate notices of appeal from the first and second supplemental orders. In the statements of issues accompanying these notices, the state taxing authorities described the issues on appeal as follows:

> 1. Whether a bankruptcy court, at the
> request of a debtor and a lender, may
> deny creditors that have already filed a
> notice of appeal the right to appeal a
> confirmation order by entering a
> "supplemental order" that makes no
> substantive change in a ruling contained
> in the confirmation order.
>
> 2. To the extent not decided in the
> Comptroller's and TWC's still-pending
> appeal of the confirmation order,
> w[h]ether the bankruptcy court erred in
> setting a 10.0% annual interest rate for
> unsecured priority tax claims under 11
> U.S.C. § 1129(a)(9)(C), when the
> reorganized Debtor will be paying 13.25%
> to 15.0% interest on fully-secured loans
> of similar duration obtained through the
> commercial loan market.

After these appeals were noticed, Transtexas filed a motion to dismiss the state taxing authorities' appeal of the confirmation

order and the first supplemental order, arguing that these appeals were moot in light of the bankruptcy court's subsequent entry of the second supplemental order. Transtexas thus took the position that the second supplemental order (i.e., the February 18, 2000 order) was the appropriate order for the district court to consider on appeal. The state taxing authorities filed a response to this motion and filed a separate motion seeking to consolidate their appeals of the confirmation order, the first supplemental order, and the second supplemental order. The district court issued an order granting the state taxing authorities' motion to consolidate on March 22, 2000. The court did not rule on Transtexas's motion to dismiss in this order.

The parties subsequently briefed the merits of the interest rate dispute to the district court. On June 26, 2000, the district court entered an order ("the remand order") remanding the case to the bankruptcy court. The district court noted that it was unclear from the record whether the bankruptcy court arrived at the ten percent interest rate by considering the appropriate factors dictated by this court's decision in Mississippi State Tax Commission v. Lambert (In re Lambert), 194 F.3d 679 (5th Cir. 1999), and instructed the bankruptcy court to make further findings of fact and conclusions of law regarding the market rate of interest applicable to the state taxing authorities' priority tax claims, including, but not limited to: (1) the rate of interest that the debtor would pay to borrow a

similar amount on the commercial market; (2) the quality of the

debtor's security; and (3) the subsequent risk of default by the

debtor.

In this remand order, the district court also ruled on

Transtexas's motion to dismiss the state taxing authorities'

appeals of the confirmation order and the first supplemental

order.  The court granted this motion in part, stating:

> From the record, it appears that the
> Bankruptcy Court entered the separate order
> so that its entire order confirming the plan
> would not be disturbed on appeal, but rather
> only the portion dealing with the interest
> rate.  Appellants admit that the sole issue
> raised by their appeal is the setting of the
> interest rate by the Bankruptcy Court. . . .
> The Court therefore concludes that
> Appellants' first two appeals are moot.
> Accordingly, the Court GRANTS IN PART
> Appellants' Motion to Dismiss.

The district court did not further explain the rationale

underlying its determination that the state taxing authorities'

first two appeals were "moot."  The state taxing authorities did

not immediately attempt to appeal this remand order.

The bankruptcy court entered findings of fact and

conclusions of law in accordance with the district court's remand

order on January 26, 2001.  As characterized by the district

court, these findings did not modify the bankruptcy court's

original order (i.e., the second supplemental order).  Rather,

the bankruptcy court's January 26, 2001 findings "merely

supplement[ed] the order with new findings of fact and

7

conclusions of law." The district court ruled on the merits of the interest rate dispute on May 23, 2001, affirming the bankruptcy court's second supplemental order (i.e., the February 18 order reiterating that the interest rate applicable to the state taxing authorities' Priority Tax Claims was ten percent).

The state taxing authorities appealed this judgment on the merits to this court. They did not indicate any intent simultaneously to appeal the district court's remand order dismissing their appeals of the confirmation order and the first supplemental order. Indeed, in their statement of the issues on appeal filed pursuant to Federal Rule of Civil Procedure 6(b), the state taxing authorities stated that the sole issue presented was "whether the Bankruptcy Court, in confirming a Chapter 11 plan, erred in setting a 10.0% annual interest rate for unsecured priority tax claims under 11 U.S.C. § 129(a)(9)(C) when the reorganized Debtor will be paying 13.25% to 15% on fully-secured loans of similar duration obtained through the commercial loan market." Similarly, the state taxing authorities did not argue in their briefing that the district court's dismissal of their first two appeals was improper.

The bankruptcy court's rather unusual action in entering two supplemental orders that essentially reiterate a provision of the confirmation order has created a myriad of jurisdictional problems and procedural complexities in this case. When the resulting procedural web is untangled, we find that we are –

8

unfortunately – precluded from addressing the merits of the important issues presented in this case because the bankruptcy court lacked jurisdiction to enter the February 18, 2000 order that is before us on this appeal.

"This court necessarily has the inherent jurisdiction to determine its own jurisdiction." Scherbatskoy v. Halliburton Co., 125 F.3d 288, 290 (5th Cir. 1997). Similarly, this court has inherent jurisdiction to examine the jurisdiction of district courts within this circuit. Id. at 291. We "conduct[] a de novo review to determine whether a lower court had subject matter jurisdiction to entertain a case." United States Abatement Corp. v. Mobil Exploration & Producing U.S., Inc. (In re United States Abatement Corp.), 39 F.3d 563, 566 (5th Cir. 1994).

## II.  What issues are properly before this court?

The state taxing authorities take the position that the district court's March 22, 2000 order consolidated their appeals of all three of the bankruptcy court's orders (i.e., the original confirmation order and the first and second supplemental orders) into a single appeal addressing all three orders. Thus, according to the taxing authorities, the district court's May 23, 2001 final judgment actually addressed all three of these orders, and all three of the orders are properly before this court. While the state taxing authorities acknowledge that the district court dismissed their appeals of the confirmation order and the

9

first supplemental order as "moot" in its June 26, 2000 remand order, they maintain that "the declaration of the first two orders as 'moot' merely reflected the fact that a single, consolidated appeal was now pending." They argue that this is the only appropriate reading of this portion of the district court's remand order because "[n]o argument has ever been made that the interest rate issue was 'moot' in the substantive sense of no longer being a live, justiciable issue." Thus, according to the state taxing authorities, the portion of the district court's remand order granting Transtexas's motion to dismiss the taxing authorities' appeals of the bankruptcy court's first two orders had no practical effect because there are no longer three separate appeals. They maintain that, because the district court consolidated the three appeals for all purposes, the three appeals have merged into a single appeal, eliminating any jurisdictional and procedural problems caused by the bankruptcy court's entry of three separate orders.

The state taxing authorities' position misconstrues the nature and impact of consolidation. As the Supreme Court has recognized on numerous occasions, consolidation "is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause." Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496-97 (1933). Consolidated actions retain their separate character. Id.; accord McKenzie v. United States, 678 F.2d 571, 574 (5th Cir. 1982). Concededly, this

10

court has recognized at least one context in which consolidated actions are treated as a single action.  In Ringwald v. Harris, 675 F.2d 768 (5th Cir. 1982), we held that a proper consolidation could "cause otherwise separate actions to thenceforth be treated as a single judicial unit for purposes of [Federal] Rule [of Civil Procedure] 54(b) when the consolidation is clearly unlimited and the actions could originally have been brought as a single unit."  Id. at 771.  Thus, we determined that a summary judgment order disposing of the claims in only one of the consolidated actions at issue in Ringwald was not a final order subject to immediate appeal because all the claims in the consolidated case had not been adjudicated.  Such an order was immediately appealable only if the trial court entered an appropriate certification pursuant to Rule 54(b).  Id.; accord Road Sprinkler Fitters Local Union v. Cont'l Sprinkler Co., 967 F.2d 145, 151-52 (5th Cir. 1992).  A number of our sister circuits have similarly held that consolidated cases should (either as a general rule or subject to a case-by-case analysis) be treated as a single unit for the purposes of Rule 54(b) finality determinations.  See, e.g., Trinity Broad. Corp. v. Eller, 827 F.2d 673, 675 (10th Cir. 1987); Huene v. United States, 743 F.2d 703, 704-05 (9th Cir. 1984); Ivanov-McPhee v. Wash. Nat'l Ins. Co., 719 F.2d 927, 930 (7th Cir. 1983).  Moreover, at least one circuit has determined that consolidated cases should be treated as a single case for res judicata

11

purposes.  See Bay State HMO Mgmt. Inc. v. Tingley Sys., Inc.,
181 F.3d 174, 182 (1st Cir. 1999).

However, neither the finality of the bankruptcy court's
multiple orders, nor their res judicata effect is at issue in the
instant case.  Instead, the state taxing authorities' suggestion
that the appeal at bar encompasses all three orders (despite the
district court's dismissal of the appeals of the first two
orders) effectively argues that the district court's
consolidation of the state taxing authorities' appeals of the
bankruptcy court's three orders somehow merged the bankruptcy
court's underlying orders that were the subject of these appeals.
We can find no authority (and, indeed, the state taxing
authorities point to no authority) supporting this unusual
proposition.  Consolidated appeals of separate actions retain
their separate character to the extent that issues raised or
claims made in one of the constituent actions do not
automatically become issues or claims in all of the constituent
actions.  Thus, if one of the constituent actions is dismissed or
summary judgment is granted, and this dismissal or judgment is
not appealed (after the district court has addressed the
remaining constituent actions), the dismissed claims are not at
issue in any subsequent appeal of the remaining constituent
actions.

In the case at bar, it is uncontroverted that the district
court dismissed the state taxing authorities' appeals of the

12

February 7, 2000 confirmation order and the February 16, 2000 supplemental order (i.e., the first supplemental order). This court is as mystified as the parties as to why the district court determined that these first two appeals were "moot," but this determination is not before this court. The state taxing authorities did not appeal to this court the district court's dismissal of its first two appeals. While it is true that, pursuant to our holding in Ringwald, the state taxing authorities could not have immediately appealed the remand order in which these dismissals were announced (absent a Rule 54(b) certification by the district court),[1] the state taxing authorities' subsequent appeal of the district court's May 23, 2001 judgment did not purport to appeal the portion of the June 26, 2000 remand order dismissing the appeals of the confirmation order and the first supplemental order. Accordingly, the orders that are the subject of these dismissed actions are not properly before this court. The instant appeal addresses only the district court's May 23, 2001 judgment affirming the bankruptcy court's February 18, 2000 order (i.e., the second supplemental

---

[1]      Indeed, even if there was no consolidation involved, the district court's remand order would not have been immediately appealable. "[W]hen a district court sitting as a court of appeals in bankruptcy remands a case to the bankruptcy court for significant further proceedings, the remand order is not 'final' and therefore is not appealable under § 158(d)." Aegis Specialty Mktg., Inc. v. Ferlita (In re Aegis Specialty Mktg., Inc. of Ala.), 68 F.3d 919, 921 (5th Cir. 1995) (quoting Conroe Office Bldg, Ltd. v. Nichols (In re Nichols), 21 F.3d 690, 692 (5th Cir. 1994) (internal quotations omitted)).

13

order). However, as noted above, we are precluded from reviewing the merits of this judgment.

## III. Did the Bankruptcy Court Have Jurisdiction to Enter the Second Supplemental Order?

It is a fundamental tenet of federal civil procedure that – subject to certain, defined exceptions – the filing of a notice of appeal from the final judgment of a trial court divests the trial court of jurisdiction and confers jurisdiction upon the appellate court. See, e.g., Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). This rule applies with equal force to bankruptcy cases. See In re Statistical Tabulating Corp., Inc., 60 F.3d 1286, 1289 (7th Cir. 1995). In the instant case, the bankruptcy court's February 7, 2000 confirmation order was a final order. Thus, the state taxing authorities' February 8, 2000 notice of appeal of the confirmation order divested the bankruptcy court of jurisdiction over the case and placed jurisdiction in the appellate court (i.e., the district court). Unless Transtexas's February 16, 2000 motion falls within the class of postjudgment motions that (when timely filed) will divest an appellate court of jurisdiction and return jurisdiction to the trial court, the bankruptcy court had no jurisdiction to enter the second

14

supplemental order and the district court erred in affirming this order on the merits.

Federal Rule of Bankruptcy Procedure 8002(b) (an adaption of Federal Rule of Appellate Procedure 4(a)(4)) addresses the effect of postjudgment motions on notices of appeal. That rule states, in pertinent part:

> If any party makes a timely motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a timely motion:
> (1) to amend or make additional findings of fact under Rule 7052, whether or not granting the motion would alter the judgment;
> (2) to alter or amend the judgment under Rule 9023;
> (3) for a new trial under Rule 9023; or
> (4) for relief under Rule 9024 if the motion is filed no later than 10 days after the entry of judgment.
> A notice of appeal filed after announcement or entry of the judgment, order, or decree but before disposition of any of the above motions is ineffective to appeal from the judgment, order, or decree, or part thereof, specified in the notice of appeal, until the entry of the order disposing of the last such motion outstanding. . . .

FED. R. BANKR. P. 8002(b). Thus, Bankruptcy Rule 8002 dictates that a number of postjudgment motions will render the underlying judgment nonfinal, both when filed before an appeal is taken – thus tolling the time for taking an appeal – and when filed after the notice of appeal – thus divesting the appellate court of jurisdiction and rendering the previously-filed notice of appeal "dormant" until the postjudgment motion is adjudicated, see Burt v. Ware, 14 F.3d 256, 258 (5th Cir. 1994). If Transtexas's February 16, 2000 motion is properly construed as one of the

15

motions referenced in Bankruptcy Rule 8002, then the bankruptcy court had jurisdiction to enter the second supplemental order on February 18, 2000, regardless of the state taxing authorities' February 8, 2000 notice of appeal.

At the bankruptcy court's February 17, 2000 hearing to consider Transtexas's February 16 motion seeking entry of a separate order reiterating the interest rate applicable to the state taxing authorities' priority tax claims, the state taxing authorities argued that the bankruptcy court had no jurisdiction to enter the requested postjudgment order because Transtexas's motion could not properly be construed as any of the types of motions that would divest an appellate court of jurisdiction. The state taxing authorities specifically addressed whether Transtexas's motion could properly be construed as a Rule 59(e) (Bankruptcy Rule 9023) motion to alter or amend the judgment, which would divest the appellate court (i.e., the district court) of jurisdiction. The state taxing authorities initially argued that Transtexas's motion was not a Rule 59(e) motion because it did not seek the type of relief provided by Rule 59(e). They pointed out that Transtexas's motion did not ask the bankruptcy court to alter or amend the confirmation order but, instead, merely asked the bankruptcy court to reiterate a provision of that confirmation order in a separate order. The state taxing authorities further argued that, even if Transtexas's motion could be construed as a motion under Rule 59(e), the motion

16

should be denied on the merits because none of the traditional justifications for granting relief pursuant to Rule 59(e) was applicable.

In response to the jurisdictional objections voiced by the state taxing authorities at the February 17, 2000 hearing, the bankruptcy court acknowledged that there "might be a procedural problem" with granting Transtexas's February 16 motion and entering a second supplemental order. However, the court apparently determined that pragmatic concerns outweighed any jurisdictional defect. This determination was erroneous.

Certainly, the unique nature of bankruptcy proceedings, combined with the public policy interest in promoting successful reorganizations, often favors tolerance of greater procedural flexibility in bankruptcy cases. Concepts of finality, for example, are less concrete in the bankruptcy context and, thus, principles disfavoring appeal of orders that do not dispose of an entire case are often less rigorously adhered to in bankruptcy cases. See, e.g., Bartee v. Tara Colony Homeowners Assoc. (In re Bartee), 212 F.3d 277, 282-83 (5th Cir. 2000) (describing this court's "flexible" approach to finality in bankruptcy proceedings); see also 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3926.2 (2d ed. 1996 & Supp. 2002) (explaining the rationale underlying the more flexible approach to finality that is usually adopted in bankruptcy cases). However, these principles of flexibility do

17

not permit a bankruptcy court to enter an order addressing a postjudgment motion when the bankruptcy court lacks jurisdiction over the case (or over the portion of the case addressed in the postjudgment motion)[2] simply because prompt disposition of the motion might be desirable from an efficiency standpoint.  Such pragmatic concerns cannot "outweigh" a jurisdictional defect.

Unless Transtexas's February 16, 2000 motion divested the appellate court (i.e., the district court) of jurisdiction, the bankruptcy court lacked jurisdiction to enter the February 18, 2000 supplemental order that is before us in this appeal.  As noted above, Transtexas's motion did not specifically invoke any of the Federal Rules of Civil Procedure or the Bankruptcy Rules.  Thus, it is unclear what type of postjudgment motion Transtexas was intending to file.  However, the absence of such specificity is not dispositive.  In determining how to construe a postjudgment motion, we look beyond the form of the document and examine its substance to determine how the motion is best characterized.  See, e.g., N. Alamo Water Supply Corp. v. City of

---

[2]    We have also repeatedly recognized that, when a notice of appeal has been filed in a bankruptcy case, the bankruptcy court retains jurisdiction to address elements of the bankruptcy proceeding that are not the subject of that appeal.  See, e.g., Sullivan Cent. Plaza I, Ltd. v. BancBoston Real Estate Capital Corp. (In re Sullivan Cent. Plaza I, Ltd.), 935 F.2d 723, 727 (5th Cir. 1991).  However, this caveat cannot remedy any jurisdictional defect in the instant case.  The portions of the confirmation order that the state taxing authorities challenged in their February 8, 2000 notice of appeal were indisputably the same portions addressed by the bankruptcy court's February 18, 2000 supplemental order.

<u>San Juan, Tex.</u>, 90 F.3d 910, 918 (5th Cir. 1996). Among the types of motions listed in Bankruptcy Rule 8002 (Federal Rule of Appellate Procedure 4(a)(4)) that will toll the time for taking an appeal or divest an appellate court of jurisdiction by rendering "dormant" a previously-filed notice of appeal, the only categories that might encompass Transtexas's February 16 request are a Rule 59(e) (Bankruptcy Rule 9023) motion to alter or amend the judgment or a Rule 60(a) (Bankruptcy Rule 9024) motion to correct a clerical error. However, Transtexas's request is not properly construed as either of these types of motions.

A Rule 59(e) motion is a motion that calls into question the correctness of a judgment. Rule 59(e) is properly invoked "to correct manifest errors of law or fact or to present newly discovered evidence." <u>Waltman v. Int'l Paper Co.</u>, 875 F.2d 468, 473 (5th Cir. 1989) (quoting <u>Keene Corp. v. Int'l Fid. Ins. Co.</u>, 561 F. Supp. 656, 665 (N.D. Ill. 1982) (internal quotations omitted)). Transtexas's February 16 motion requesting entry of a separate order reiterating the provision of the confirmation order establishing the interest rate applicable to the state taxing authorities' priority tax claims suggests no manifest error of law and refers to no newly-discovered evidence. This motion seeks – at most – only a change in the <u>form</u> of the judgment. Thus, the substance of Transtexas's motion reveals that (if this request can even be characterized as one of the postjudgment motions recognized by the Federal Rules of Civil

19

Procedure or the Bankruptcy Rules) it is perhaps more akin to a motion to correct a clerical error under Rule 60(a) (Bankruptcy Rule 8002).[3]

There is some indication from the hearing transcript that the bankruptcy court might have been treating Transtexas's February 16 motion as if it were a motion to correct a clerical error under Rule 60(a). However, Transtexas's motion is not a proper Rule 60(a) motion because Transtexas does not seek the type of relief provided for in this rule.

As this court has repeatedly indicated, Rule 60(a) provides a specific and very limited type of relief. <u>See, e.g.</u>, <u>In re W. Tex. Mktg. Corp.</u>, 12 F.3d 497, 503 (5th Cir. 1994); <u>Am. Precision Vibrator Co. v. Nat'l Air Vibrator Co. (In re Am. Precision Vibrator Inc.)</u>, 863 F.2d 428, 429-30 (5th Cir. 1989). "Rule 60(a) finds application where the record makes apparent that the court intended one thing but by merely clerical mistake or oversight did another. Such a mistake must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." <u>W. Tex. Mktg.</u>, 12 F.3d at 503 (quoting <u>Dura- Wood</u>

---

[3] Indeed, at least one of our sister circuits has indicated that a postjudgment motion calling into question the form of a judgment, rather than its substantive correctness, is not a Rule 59(e) motion but is more properly considered as a Rule 60(a) motion. <u>See</u> <u>St. Paul Fire & Marine Ins. Co. v. Cont'l Cas. Co.</u>, 684 F.2d 691, 693-94 (10th Cir. 1982), <u>overruling on other grounds recognized in</u> <u>Grantham v. Ohio Cas. Co.</u>, 97 F.3d 434, 435 (1996).

<u>Treating Co., Div. of Roy O. Martin Lumber Co. v. Century Forest</u>

<u>Indus., Inc.</u>, 694 F.2d 112, 114 (5th Cir. 1982) (internal

citations and quotations omitted in original)).  In the instant

case, neither party contends that the interest rate established

in the confirmation order was the result of a clerical error or

that entry of the second supplemental order was necessary to

clarify or correct the confirmation order.  Both parties agree

that the second supplemental order merely reiterated a

determination by the bankruptcy court that was already correctly

reflected in the existing confirmation order.  Under these

circumstances, we cannot construe Transtexas's February 16 motion

requesting entry of a separate order reiterating the interest

rate applicable to the state taxing authorities' priority tax

claims as a proper Rule 60(a) motion, nor can we construe the

bankruptcy court's second supplemental order as an order

correcting "clerical mistakes in judgments, orders, or other

parts of the record and errors therein arising from oversight or

omission" pursuant to this rule.  FED. R. CIV. P. 60(a); <u>cf.</u> <u>Lee</u>

<u>v. Joseph E. Seagram & Sons, Inc.</u>, 592 F.2d 39, 43 (2d Cir. 1979)

(reasoning that portions of a judgment or order that are clearly

accurate and intentional cannot be altered by invoking Rule

60(a)); <u>Ferraro v. Arthur M. Rosenberg, Inc.</u>, 156 F.2d 212, 214

(2d Cir. 1946) (reasoning that when "no clerical error [i]s

shown" it "change[s] nothing to call deliberate action accurately

reflected in the record a clerical error for the purpose of

21

attempting to invoke Rule 60").

Because Transtexas's February 16, 2000 motion is not properly construed as a Rule 60(a) motion seeking to correct a clerical error, a Rule 59(e) motion seeking to alter or amend a judgment, or any of the other motions that can divest an appellate court of jurisdiction pursuant to Bankruptcy Rule 8002 (Federal Rule of Civil Procedure 4(a)(4)), the bankruptcy court had no jurisdiction to enter the second supplemental order reiterating the interest rate applicable to the state taxing authorities' priority tax claims. The district court thus erred in affirming this order.

## IV. Conclusion

For the foregoing reasons, we VACATE the judgment of the district court and REMAND this action to the district court with instructions to VACATE the second supplemental order. Each party shall bear its own costs.

22