11 F.3d 35
 27 Fed.R.Serv.3d 1267
 Hazel EGGERS, Widow of James W. Eggers, Petitioner,
v.
CLINCHFIELD COAL COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 93-1526.
 United States Court of Appeals,
Fourth Circuit.
 Argued Oct. 25, 1993.
Decided Dec. 8, 1993.
 
 Lawrence Lee Moise, III, Vinyard & Moise, Abingdon, VA, argued, for petitioner.
 
 
 1
 Gary K. Stearman, Office of the Sol., U.S. Dept. of Labor, Washington, DC, argued (Thomas S. Williamson, Jr., Sol. of Labor, Donald S. Shire, Associate Sol., Barbara J. Johnson, Counsel for Appellate Litigation, Office of the Sol., U.S. Dept. of Labor, on brief), for respondent director.
 
 
 2
 Harry Ashby Dickerson, Penn, Stuart, Eskridge & Jones, Abingdon, VA, argued, for respondent Clinchfield Coal.
 
 
 3
 Before MURNAGHAN and HAMILTON, Circuit Judges, and YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 
 OPINION
 HAMILTON, Circuit Judge:
 
 4
 Petitioner Hazel Eggers, widow of miner James Eggers (the widow), petitions for review of the (March 22, 1993) decision of the Benefits Review Board (BRB) denying Black Lung benefits on a widow's survivor's claim filed pursuant to the provisions of Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. Sec. 901 (the Act). The widow also petitions for review of the BRB's application of 20 C.F.R. Part 718 to her now deceased husband's miner's claim, which has been remanded to the Administrative Law Judge (ALJ) for further consideration. For the reasons stated herein, we dismiss the petition.
 
 
 5
 * James Eggers (the miner) was a coal miner for forty-one years with Clinchfield Coal Company. He retired in June 1983.
 
 
 6
 On August 21, 1979, Attorney Robert Vinyard advised the Department of Labor, Office of Workers Compensation Programs (OWCP), by certified letter of his representation of the miner in his claim for federal black lung benefits. In addition to the letter, Vinyard included the miner's appointment of him as attorney and medical evidence supporting the miner's claim. Vinyard asked the OWCP to include this information in the record and "advise what, if any, further information is required in the processing of this claim." (J.A. 257). The OWCP never responded to the letter. According to the return receipt, the OWCP received the letter on August 24, 1979.
 
 
 7
 Approximately two years later, Vinyard again wrote to the OWCP to inquire about the status of the miner's claim. Receiving no response, he pursued the case twenty months later with a second letter. The OWCP then informed Vinyard that it had no record of a current application for black lung benefits from the miner.
 
 
 8
 On February 28, 1983, the miner filed a formal claim for benefits under the Act. The OWCP denied the claim in September 1985. The miner contended at the formal hearing that he had, by virtue of the 1979 letter, filed a "constructive claim" and, therefore, was entitled to have his case adjudicated under the entitlement criteria in 20 C.F.R. Part 727.[1] The ALJ remanded the claim to the Deputy Commissioner to determine whether Part 718 or 727 applied to Eggers' miner's claim. After an OWCP claims examiner determined that the remand order was "frivolous," the case returned to the ALJ for a formal hearing. On September 13, 1986, the ALJ remanded the case for the second time to the Deputy Commissioner to determine when the miner filed an application.
 
 
 9
 On September 14, 1988, the miner died. The widow filed a separate claim for widow's benefits on September 21, 1988. On October 17, 1988, the OWCP wrote the widow concerning the miner's claim. The letter indicated that the miner had not filed a claim prior to 1983. Thus, it concluded that the Part 718 regulations governed the miner's claim. On November 9, 1988, the miner's claim was returned to the ALJ. On February 2, 1989, the OWCP denied the widow's claim.
 
 
 10
 On April 10, 1989, pursuant to the widow's request, the ALJ remanded the miner's claim to the OWCP to be consolidated with the widow's claim. The cases were consolidated and returned to the ALJ on May 8, 1989.
 
 
 11
 Following an August 17, 1989 formal hearing on both the miner's and widow's claims, the ALJ issued a decision and order on June 4, 1990, denying benefits on both claims. Determining that the 1979 letter from Vinyard was insufficient to demonstrate an intent to claim benefits, the ALJ concluded that the miner had not filed a claim for benefits prior to 1983. Consequently, the ALJ decided that the Part 718 regulations governed both the widow's and miner's claims.
 
 
 12
 Turning to the merits and relying on Wilburn v. Director, OWCP, 11 B.L.R. 1-135 (1988), the ALJ found that pneumoconiosis did not cause "in and of itself" the miner's total respiratory disability. (J.A. 51). Thus, he denied the miner's claim. Finding that pneumoconiosis did not "cause or contribute to" the miner's death, the ALJ also denied the widow's claim. Id.
 
 
 13
 On appeal, the BRB affirmed the ALJ's finding that the Part 718 regulations applied to both the widow's and miner's claims. In light of our subsequent decision establishing a new standard governing the cause of disability, the BRB vacated and remanded for reconsideration the ALJ's decision regarding the cause of disability as to the miner's claim only.[2] Consequently, only the miner's claim was remanded to allow the ALJ to make factual findings on causation of disability in accordance with this new standard.
 
 
 14
 Addressing the widow's claim, the BRB found that, under the "hastening death" standard articulated in Shuff v. Cedar Coal Company, 967 F.2d 977 (4th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 969, 122 L.Ed.2d 124 (1993),[3] the medical reports relied upon by the ALJ justified the denial of widow's benefits. Consequently, the BRB affirmed the denial of the widow's claim.
 
 
 15
 The widow timely petitioned to this court for review of the BRB's denial of her claim. She also requests review of the ruling by both the ALJ and BRB that Part 718, rather than Part 727, governs adjudication of her husband's miner's claim.
 
 II
 
 16
 The Longshoreman's and Harbor Workers' Compensation Act provides that "[a]ny person adversely affected or aggrieved by a final order of the Board may obtain a review of that order in the United States court of appeals." 33 U.S.C. Sec. 921(c) (1986) (emphasis added). The finality requirement contained in Sec. 921 encompasses the same concepts as finality in 28 U.S.C. Sec. 1291.[4] Newport News Shipbldg. v. Director, Office of Workers' Compensation Programs, 590 F.2d 1267, 1268 (4th Cir.1978); Newpark Shipbldg. & Repair, Inc. v. Roundtree, 723 F.2d 399 (5th Cir.) (en banc ), cert. denied, 469 U.S. 818, 105 S.Ct. 88, 83 L.Ed.2d 35 (1984). Accordingly, as a threshold inquiry, we must determine whether the present case contains a final order subject to appeal. Otherwise, we have no jurisdiction to consider the petition.
 
 
 17
 Numerous courts have held that an order of the BRB affirming in part and remanding in part to the ALJ does not constitute a final order for the purposes of reviewability under Sec. 921. Newpark, 723 F.2d at 400. See also Newport News Shipbldg., 590 F.2d at 1268 (holding BRB order establishing liability but remanding for damage determination was not final order); Nat. Steel & Shipbldg. Co. v. Director, Office of Workers' Compensation Programs, 626 F.2d 106, 108 (9th Cir.1980) (holding BRB order affirming award of permanent disability and remanding on issue of temporary partial disability not final order subject to review); Sun Shipbldg. & Dry Dock Co. v. Benefits Review Board, 535 F.2d 758, 760 (3d Cir.1976) (finding BRB order affirming employer's liability but remanding for calculation of damages was not final order). As the Fifth Circuit sitting en banc in Newpark noted:
 
 
 18
 Applying the well-settled general rule that a judgment or order is not final unless it ends the litigation on the merits and leaves nothing for the trier to do but execute the judgment, we hold that the present Board order--which determined a central issue of liability, but which nevertheless also remanded the administrative proceedings to the administrative law judge for further findings--is not a "final order", Sec. 921(c), so as to be statutorily subject to judicial review at this time.
 
 
 19
 723 F.2d at 400.
 
 
 20
 While the BRB determined in the instant case that Part 718 applied to both the widow's and the miner's claims, the miner's claim was remanded to the ALJ for a decision on the merits. As in the cases noted above, the BRB's order did not "end[ ] the [miner's] litigation on the merits and leave[ ] nothing for the trier to do but execute on the judgment." Id. Therefore, as to the miner's claim, the order of the BRB is not final and appealable.
 
 
 21
 Next, we must determine whether, by virtue of the consolidation of the two claims below, the widow's claim can be considered final and appealable while the miner's claim is presently pending before the ALJ. This issue is one of first impression in this circuit.
 
 
 22
 While we could find no authority addressing whether, when two cases are consolidated before the BRB, judgment in one is appealable, several circuits have addressed whether, when two cases are consolidated before the district court, judgment in one is final and reviewable under 28 U.S.C. Sec. 1291. Trinity Broadcasting v. Eller, 827 F.2d 673 (10th Cir.), reh'g denied, 835 F.2d 245 (1987), cert. denied, 487 U.S. 1223, 108 S.Ct. 2883, 101 L.Ed.2d 918 (1988); Bergman v. City of Atlantic City, 860 F.2d 560 (3d Cir.1988); UGI Corp. v. Clark, 747 F.2d 893 (3d Cir.1984); Ivanov-McPhee v. Washington Nat. Ins. Co., 719 F.2d 927 (7th Cir.1983). Because 33 U.S.C. Sec. 921(c) is construed under the rubric of 28 U.S.C. Sec. 1291, these circuit decisions are instructive in the instant case.
 
 
 23
 Several circuits have adopted the bright-line rule that, absent a Fed.R.Civ.P. 54(b) certification, where two actions have been consolidated for trial, judgment in one is not appealable if the other is still pending. See, e.g., Trinity Broadcasting, 827 F.2d at 675. A second approach is that judgment in one consolidated action is always appealable, despite the pendency of the consolidated case. See In re Massachusetts Helicopter Airlines, Inc., 469 F.2d 439, 441-42 (1st Cir.1972). Finally, several courts employ a case-by-case approach which is akin to a totality of the circumstances inquiry. Bergman, 860 F.2d at 566; Ivanov, 719 F.2d at 928-30; Ringwald v. Harris, 675 F.2d 768, 771 (5th Cir.1982).
 
 
 24
 We believe that the case-by-case approach adopted by the Third Circuit in Bergman, the Seventh Circuit in Ivanov, and the Fifth Circuit in Ringwald is the most principled for several reasons. First, any rule forbidding separate appeals, regardless of the scope of the consolidation order, might disallow an appeal of an action where consolidation was only for very limited discovery purposes. Such a result does little to promote judicial economy. See Bergman, 860 F.2d at 566. On the other hand, a bright-line rule allowing an appeal of one claim despite the pendency of the consolidated case "ignores the rule against piecemeal appeals" and "encourages an increase in the number of complaints." Id. at 567. The case-by-case approach, however, alleviates the above concerns by seeking guidance from several factors: whether a case has been consolidated for all purposes, such as for discovery and trial, and whether the decision on one claim may affect the rights of the parties regarding the other claim. Id. Thus, we hereby adopt the case-by-case approach.
 
 
 25
 Under this test, we believe entertaining the petition at this time would be imprudent. In this case, the outcome of the miner's claim affects the status of the widow's claim. If the miner ultimately were to receive benefits under Sec. 727, the widow will automatically be entitled to derivative benefits. If the miner's claim founders before the ALJ and the BRB, the widow will in no way forfeit or lose her rights to appellate review of the issues presently before us. Thus, judicial economy will best be served by postponing review until the miner's claim is resolved below. In short, all of the interests underlying the finality rule, as well as common sense, instruct us to postpone our review until the miner's claim is resolved. Sun Shipbldg., 535 F.2d at 761.[5]
 
 III
 
 26
 In summary, we find that the petition is not ripe for review. Because the widow's and miner's claims are so intertwined, there is no "final order" within the meaning of 33 U.S.C. Sec. 921(c). Accordingly, the petition for review as to both the miner's and widow's claims is dismissed.
 
 
 27
 DISMISSED.
 
 
 
 [1]
 While the Part 718 regulations apply to claims filed after March 31, 1980, 20 C.F.R. 718.2, the Part 727 regulations apply to claims filed before that date. Because the Part 718 regulations deleted the Part 727 evidentiary presumptions which benefitted the claimant, it is to a miner's advantage to have his claim adjudicated under the Part 727 regulations
 
 
 [2]
 After the ALJ's decision, we rejected the "in and of itself" causation standard applied by the ALJ in favor of a standard requiring only that pneumoconiosis be a "contributing cause" of the total respiratory disability. See Robinson v. Pickands Mather and Co., 914 F.2d 35 (4th Cir.1990)
 
 
 [3]
 We articulated this "hastening death" standard in Shuff subsequent to the ALJ's decision on the miner's and widow's claims. Nevertheless, the BRB determined that the ALJ had satisfied the Shuff test when it found that the pneumoconiosis did not "contribute to the miner's death in any way." (J.A. 56)
 
 
 [4]
 28 U.S.C. Sec. 1291 provides in pertinent part that "[t]he courts of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States."
 
 
 [5]
 "[W]hile the issues of whether an order is certifiable under Rule [Fed.R.Civ.Proc.] 54(b), or appealable as a final order are not identical," Bergman, 860 F.2d at 564, they are sufficiently similar to provide some guidance. In Braswell Shipyards, Inc. v. Beazer East, Inc., 2 F.3d 1331 (4th Cir.1993), we set forth several factors to consider in determining whether Rule 54(b) certification is justifiable. The instructive factors include:
 (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time ... [and] (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Id. at 1337.
 Application of these factors to the instant case further militates against deciding the petition at this point. As discussed supra, the miner's and widow's claims are inextricably intertwined. Any decision on the miner's claim necessarily affects the status of the widow's claim. In addition, the need for review may be mooted by future development: if the miner were to obtain benefits under Part 727, the widow would automatically receive derivative benefits so that her claim for separate benefits would require no further review. As to the third factor, any decision that we might enter at this point may come before the court again if the miner is denied benefits below. Finally, judicial economy would best be served by postponing consideration of the claims at this time.