68 F.3d 463
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
WEST VIRGINIA COAL WORKERS' PNEUMOCONIOSIS FUND,
INCORPORATED, Carrier for Gamble Coal,
Incorporated, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United
States Department of Labor; Robert O. Tenney, Respondents.
 No. 95-1981.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 21, 1995.
Decided Oct. 11, 1995.
 
 Elizabeth Ann Morgan, Assistant Attorney General, Charleston, West Virginia, for Petitioner. Patricia May Nece, Sarah Marie Hurley,
 UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondents; Robert O. Tenney, Respondent Pro Se.
 Before HAMILTON and MOTZ, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 The West Virginia Coal Workers' Pneumoconiosis Fund (Fund) petitions for review of a decision of the Benefits Review Board (Board) affirming in part, vacating in part, and remanding for further consideration a decision of the administrative law judge (ALJ) which denied Robert Tenney's claim for black lung benefits. The Board affirmed the ALJ's finding that Tenney established pneumoconiosis arising out of coal mine employment, and a totally disabling respiratory impairment, but remanded for further development of the medical evidence relevant to the cause of the miner's totally disabling impairment because the Department of Labor concededly failed to fulfill its statutory obligation under 30 U.S.C. Sec. 923(b) (1988), to provide Tenney with a complete pulmonary exam, inasmuch as the physician who examined the miner on the Department's behalf failed to address this issue in his report. See Cline v. Director, Office of Workers' Compensation Programs, 917 F.2d 9, 11 (8th Cir.1990) (finding Department's statutory obligation not fulfilled where record contained no credible opinion addressing a necessary element of entitlement).
 
 
 2
 The Director, Office of Workers' Compensation Programs (Director), has filed a motion to dismiss the Fund's appeal as interlocutory on the ground that the Board's decision does not constitute a "final" order under 33 U.S.C. Sec. 921(c) (1988). We have previously held that a Board order affirming in part and remanding in part "does not constitute a final order for the purposes of reviewability under Sec. 921." Eggers v. Clinchfield Coal Co., 11 F.3d 35, 38 (4th Cir.1993). The Fund, however, argues that the Board order in this case is final because by remanding this case the Board exceeded the scope of its review authority under 20 C.F.R. Sec. 802.301(a) (1994), which permits the Board to review only findings of fact or conclusions of law of the ALJ, and determine whether they are supported by substantial evidence. The Fund contends that under 5 U.S.C. Sec. 706(2)(D) (1988), this Court is obligated to set aside agency actions which are "without observance of procedure required by law." Id. The Fund reasons that once the Board's unlawful action is set aside, its decision is final because there is no dispute that the evidence currently in the record is insufficient to establish entitlement. The Fund also argues that the Board committed other procedural errors in this case by accepting the Director's motion to remand the case as a response brief, and by denying the Fund the opportunity to reply to that document with a reply brief.
 
 
 3
 We find the Fund's reliance on Sec. 706(2)(D) to be misplaced. First, the Board did not exceed its authority by remanding this case for further development of the medical evidence. Rather, the Board found a violation of the claimant's statutory rights, i.e., an error of law, which was appropriately remedied in the manner chosen by the Board. See Hodges v. Director, Office of Workers' Compensation Programs, 18 BLR 1-84, 86, 90-91 (1994). We note that the remedy ordered by the Board is precisely the same remedy ordered by the Eighth Circuit in Cline. See 917 F.2d at 11.
 
 
 4
 Moreover, we note that nothing in Sec. 706, which permits reviewing courts to set aside a variety of unlawful or improper agency actions, and not just procedural errors, overrides or creates any exception to the requirement of Sec. 921 that this court review only "final" orders. There is no reason why we cannot determine whether the Board committed the procedural errors alleged by the Fund, and whether any errors were prejudicial, after the Board reaches a final decision in this matter. Moreover, if benefits are ultimately denied, it will be unnecessary for us to consider these issues.
 
 
 5
 In the interest of avoiding piecemeal litigation, and in view of the absence of any final order, we therefore dismiss the Fund's appeal as interlocutory. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 DISMISSED