**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-2234**

LENA PERSON NIDIFFER, on behalf of and widow
of Alfred Rhea Nidiffer,

                                                  Petitioner,

        versus

DIRECTOR, OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES DEPARTMENT OF LABOR;
WESTMORELAND COAL COMPANY, INCORPORATED,

                                                  Respondents.

On Petition for Review of an Order of the Benefits Review Board.
(05-126-BLA)

Submitted:  April 28, 2006          Decided:  June 30, 2006

Before WILLIAMS and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam
opinion.

Lena Person Nidiffer, Petitioner Pro Se. Patricia May Nece, Barry
H. Joyner, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C.;
Douglas Allan Smoot, JACKSON & KELLY, PLLC, Charleston, West
Virginia; Kathy Lynn Snyder, Ashley Marie Harman, JACKSON & KELLY,
PLLC, Morgantown, West Virginia; Vincent John Carroll, Richlands,
Virginia, for Respondents.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Lena Person Nidiffer petitions for review of the Benefits Review Board's (Board) Decision and Order affirming the Administrative Law Judge's (ALJ) denial of benefits on a living miner claim for black lung benefits and vacating and remanding the ALJ's decision awarding benefits on her widow's claim for benefits. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2000), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2000); Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949); Eggers v. Clinchfield Coal Co., 11 F.3d 35, 38 (4th Cir. 1993). The order Nidiffer seeks to appeal is neither a final order nor an appealable interlocutory or collateral order with regard to her widow's claim for benefits. Accordingly, with regard to the Board's order vacating and remanding the widow's claim, we dismiss the appeal for lack of jurisdiction.

Because the miner's claim is not inextricably intertwined with the widow's claim, we exercise jurisdiction over the Board's affirmance of the denial of benefits on the miner's claim. Eggers, 11 F.3d at 39. Our review of the record leads us to conclude that the Board's decision is based upon substantial evidence and is without reversible error. Accordingly, we affirm the denial of benefits on the miner's claim on the reasoning of the Board. See Nidiffer v. Westmoreland Coal Co., Nos. 05-0126 BLA, 05-0126 BLA-A

- 3 -

(BRB Sept. 30, 2005). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART
AND AFFIRMED IN PART