JAMES W. TRENZ, trustee,[1] *vs.* FAMILY DOLLAR STORES OF
MASSACHUSETTS, INC.

No. 07-P-1771.

Plymouth. November 4, 2008. - January 29, 2009.

Present: McHUGH, DREBEN, & GREEN, JJ.

*Practice, Civil,* Consolidation of actions, Judgment, Appeal.

This court concluded that where separately commenced cases had been
consolidated by court order, a judgment entered in fewer than all of the
consolidated cases was not appealable without a certification pursuant to
Mass.R.Civ.P. 54(b). [611-615]

SUMMARY PROCESS. Complaint filed in the Gardner Division of
the District Court Department on November 21, 2005.

After transfer to the Superior Court, the case was heard by
*Richard F. Connon,* J., on motions for summary judgment.

*Peter B. Morin* for the plaintiff.

*Raymond H. Tomlinson, Jr.,* for the defendant.

GREEN, J. When separately commenced cases are consolidated
by court order, is a judgment entered in fewer than all of the
consolidated cases appealable without a certification under
Mass.R.Civ.P. 54(b), 365 Mass. 820 (1974)? For the reasons
explained below, we answer the question in the negative and
dismiss the plaintiff's appeal.

*Background.* The plaintiff is the defendant's landlord under
a long-term commercial lease. Claiming that the tenant was in
default, the landlord commenced a summary process action in the
District Court (herein, the summary process action). The tenant
filed a separate action in the Superior Court, alleging (among
other claims) breach of contract and a violation of G. L. c. 93A,
and seeking a declaration of the parties' respective rights and
obligations under the lease (herein, the breach of contract action).
The parties thereafter jointly moved for the summary process ac-

[1]Of Century West Real Estate Trust.

tion to be transferred to the Superior Court and consolidated with the breach of contract action, pursuant to Trial Court Rule XII, Requests for Interdepartmental Judicial Assignments (1996), and G. L. c. 223, § 2B. That motion was allowed. The parties then filed cross motions for summary judgment. After hearing, a judge of the Superior Court denied the landlord's motion and allowed the tenant's motion as to the summary process action and as to count II (the breach of contract count) of the tenant's complaint, but not otherwise.[2] Judgment then entered on the docket of the summary process action dismissing the complaint in that matter. However, no certification was sought or was entered under Mass. R.Civ.P. 54(b). The landlord filed a notice of appeal, and the appeal thereafter entered on our docket.

*Discussion.* No Massachusetts appellate case has decided the question posed in the introductory paragraph.[3] The question implicates Mass.R.Civ.P. 42(a), as amended, 423 Mass. 1402 (1996), and rule 54(b).[4,5] Since both rules are substantially iden-

---

[2]The order allowing the tenant's motion for summary judgment did not address counts I (declaratory judgment), III (breach of covenant of good faith and fair dealing), IV (breach of covenant of quiet enjoyment), or V (violation of G. L. c. 93A).

[3]In the area of landlord-tenant disputes, we are aware of one Massachusetts case in which a summary process action was consolidated with a related case and in which appeal progressed from judgment in the summary process action while one or more of the consolidated claims remained pending. See *Applebee's Northeast, Inc.* v. *Methuen Investors, Inc.*, 46 Mass. App. Ct. 777, 779-780 (1999). However, in that case, the summary process judgment in the landlord's favor was certified as a separate judgment pursuant to Mass. R.Civ.P. 54(b). We note that, although summary process actions are excepted from application of the rules of civil procedure under Mass.R.Civ.P. 81(a)(1)(7), as appearing in 423 Mass. 1412 (1996), Rule 1 of the Uniform Summary Process Rules (1980) provides that "[p]rocedures in [summary process] actions that are not prescribed by [the Uniform Summary Process Rules] shall be governed by the Massachusetts Rules of Civil Procedure insofar as the latter are not inconsistent with [the Uniform Summary Process] rules, with applicable statutory law or with the jurisdiction of the particular court in which they would be applied." There appears to be no question that summary process actions involving multiple claims are subject to the requirements of Mass.R. Civ.P. 54(b) as it relates to any adjudication of fewer than all of such claims. See, e.g., *ROPT Ltd. Partnership* v. *Katin*, 431 Mass. 601, 605-606 (2000); *LAS Collection Mgmt.* v. *Pagan*, 447 Mass. 847, 849 (2006).

[4]We note that G. L. c. 223, § 2B, essentially codifies the provisions of rule 42(a) in certain circumstances.

[5]Rule 42(a) addresses consolidation orders in courts other than the District

tical to their Federal counterparts, we look for guidance to cases interpreting the cognate Federal rules. See *Rollins Envtl. Servs., Inc.* v. *Superior Ct.*, 368 Mass. 174, 179-180 (1975).

In the present context, that guidance is decidedly mixed. The thirteen Federal circuits divide roughly into three camps. Three circuits require certification under Fed.R.Civ.P. 54(b) before a judgment in one or more, but fewer than all, consolidated cases may be appealed. See *Huene* v. *United States*, 743 F.2d 703, 705 (9th Cir. 1984); *Trinity Bdcst. Corp.* v. *Eller*, 827 F.2d 673, 675 (10th Cir. 1987), cert. denied sub nom. *Morrel* v. *Trinity Bdcst. Corp.*, 487 U.S. 1223 (1988); *Spraytex, Inc.* v. *DJS&T*, 96 F.3d 1377, 1382 (Fed. Cir. 1996). Eight circuits have adopted a flexible approach, with the requirement for certification dependent on the nature and scope of the consolidation order. See *Ringwald* v. *Harris*, 675 F.2d 768, 771 (5th Cir. 1982); *Ivanov-McPhee* v. *Washington Natl. Ins. Co.*, 719 F.2d 927, 930 (7th Cir. 1983); *Bank S. Leasing, Inc.* v. *Williams*, 769 F.2d 1497, 1500 n.1, vacated on other grounds, 778 F.2d 704 (11th Cir. 1985); *Hageman* v. *City Investing Co.*, 851 F.2d 69, 71 (2d Cir. 1988); *Bergman* v. *Atlantic City*, 860 F.2d 560, 567 (3d Cir. 1988); *Phillips* v. *Heine*, 984 F.2d 489, 490 (D.C. Cir.), cert. denied, 510 U.S. 905 (1993); *Eggers* v. *Clinchfield Coal Co.*, 11 F.3d 35, 39 (4th Cir. 1993); *Tri-State Hotels, Inc.* v. *Federal Deposit Ins. Corp.*, 79 F.3d 707, 711-712 (8th Cir. 1996).[6] The First and Sixth Circuits have concluded that certification under rule 54(b) is unnecessary as a prerequisite to appeal from a judgment entered in one of two or more cases consolidated under a rule 42(a) order. See *In re Massachusetts Helicopter Airlines, Inc.*, 469 F.2d 439, 441-442 (1st Cir. 1972); *Kraft, Inc.*

Court (as occurred in the present case). Rule 42(c) addresses consolidation orders in the District Court and includes certain administrative details not germane to the present discussion.

[6]The circuits applying a flexible approach vary in their articulation of that approach. For example, the Second Circuit applies a "strong presumption" against entertaining an appeal unless the judgment disposes of all consolidated cases, see *Hageman* v. *City Investing Co.*, *supra*, while other circuits appear to consider the "totality of the circumstances," without applying such a presumption. *Eggers* v. *Clinchfield Coal Co.*, *supra*. See *Bergman* v. *Atlantic City*, *supra* at 566. It is unnecessary for purposes of our discussion to describe in detail the nuances of each circuit's formula.

v. *Local Union 327, Teamsters, Chauffeurs, Helpers & Taxicab Drivers,* 683 F.2d 131, 133 (6th Cir. 1982).[7]

We are persuaded by the reasoning in the cases requiring certification under rule 54(b) as a prerequisite to appellate review of any judgment entered in consolidated cases while other cases included in the order of consolidation remain pending. Inherent in both rules 42(a) and 54(b) is the goal of efficient management of claims and actions in the over-all interest of judicial economy. Rule 42(a) authorizes consolidation of "actions involving a common question of law or fact," and such further procedural orders "as may tend to avoid unnecessary costs or delay." Balanced against the concern for efficiency is the potential for prejudice to the parties. See Smith & Zobel, Rules Practice § 42.2 (1977); 9A Wright & Miller, Federal Practice and Procedure § 2383 (3d ed. 2008). Actions such as the present case, involving claims between the same parties that arise out of the same contractual relationship and which could have been raised as claims and counterclaims in a single action, are particularly suitable for consolidation. See *Holmes Realty Trust* v. *Granite City Storage Co.,* 25 Mass. App. Ct. 272, 279 (1988).

Rule 54(b) similarly is directed toward efficient use of judicial resources, "balancing the need for immediate review, based on the likelihood of injustice or hardship to the parties of a delay in entering a final judgment as to part of the case, against the appellate courts' 'traditional abhorrence of piecemeal appellate review,' . . . as a matter of sound judicial administration." *Long* v. *Wickett,* 50 Mass. App. Ct. 380, 387 (2000), quoting from *Atkinson's Inc.* v. *Alcoholic Bevs. Control Commn.,* 15 Mass. App. Ct. 325, 327 (1983). Accordingly, when unresolved claims are closely related to others resolved by an interlocutory order, certification under rule 54(b) is to be avoided "except in 'unusual and compelling circumstances.' " *Long* v. *Wickett, supra* at 389, quoting from *Spiegel* v. *Trustees of Tufts College,* 843 F.2d 38, 45 (1st Cir. 1988).

In addition to their common purpose of judicial economy,

---

[7]For thorough discussion of all three approaches, see Note, The Finality of Partial Orders in Consolidated Cases Under Rule 54(b), 57 Fordham L. Rev. 637, 647 (1989), and Comment, The Appealability of Partial Judgments in Consolidated Cases, 57 U. Chi. L. Rev. 169 (1990).

rules 42(a) and 54(b) apply to similar subjects; both attempt to manage multiple claims or parties linked together in some way. In the case of rule 42(a), the rule is the means by which separate claims or parties are brought together, while rule 54(b) is the vehicle by which decisions resolving one or more claims, already linked in a single action, may be separated out for appellate review.[8] Absent such separation, however, "any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties." Mass.R.Civ.P. 54(b).

It is the commonality of subject matter and purpose of the two rules that persuades us that rule 54(b) should be the vehicle through which the appealability of an adjudication in any case, while other cases consolidated with that case remain pending, is considered. "An appeal prior to the conclusion of the entire [consolidated] action could well frustrate the purpose for which the cases were originally consolidated. Not only could it complicate matters in the [trial] court but it also could cause an unnecessary duplication of efforts in the appellate court." *Huene* v. *United States*, 743 F.2d at 704. "[A]ny other rule would lead to the same piecemeal review Rule 54(b) seeks to prevent." *Trinity Bdcst. Corp.* v. *Eller*, 827 F.2d at 675. Moreover, it would be anomalous for an adjudication of one of several related claims to be treated as final and appealable while related claims remain pending (if initiated under separate complaints and then consolidated), but interlocutory and not appealable without a rule 54(b) certification (if brought in a single complaint, or by way of counterclaim in answer to the complaint).[9]

We also reject the proposition that a flexible case-by-case ap-

---

[8] In this respect, rule 54(b) is similar to rule 42(b), which authorizes the severance of claims brought as part of a single action, where considerations of judicial economy warrant.

[9] The present appeal offers an apt illustration of why a judgment entered in one case should not be appealable while a related consolidated case remains pending. The questions of law and fact determined in the summary process action are essentially identical to those in the tenant's breach of contract claim, which (though decided adversely to the landlord on summary judgment) remains in an interlocutory posture in the pending action in the Superior Court. Moreover, several of the remaining unresolved claims could serve independently to support judgment for the tenant in the summary process action, if resolved in the tenant's favor. See note 2, *supra*.

proach is necessary to accommodate the variety of circumstances that may underlie consolidation orders. The question is not whether the treatment of varying circumstances should be afforded flexibility; instead it is whether the appropriate vehicle through which such flexibility should be administered is rule 54(b) or review by an appellate court in the first instance. Rule 54(b) offers the benefit of well-developed procedural and substantive standards for considering the question whether the adjudication of one claim warrants appellate review while other related claims remain pending. A rule 54(b) certification also offers certainty to litigants on the question when a notice of appeal must be filed.[10] Moreover, at least in the first instance, the trial court is at least as well equipped as the appellate court (if not better) to assess the relationship between an adjudicated claim and any claims that remain pending, and to assess whether an adjudicated claim should be certified for appellate review under rule 54(b).

Conversely, a rule leaving the question of appealability for determination by the appellate court creates unnecessary uncertainty, requiring litigants to file a notice of appeal upon adjudication of a case that has been consolidated with other cases in order to avoid losing their right of appeal if the case is thereafter determined to have been one in which the adjudication should be treated as final.[11] And directing such inquiries to the appellate court is at odds with the purpose of rule 54(b) itself, creating its own separate category of appellate litigation.

Because the judgment in the summary process action was not certified for appellate review under rule 54(b), the appeal must be dismissed as premature.

*So ordered.*

---

[10]The propriety of a rule 54(b) certification in a particular case, and the consequent finality of the partial judgment entered thereunder, will of course be subject to review on appeal. See, e.g., *Long* v. *Wickett, supra.*

[11]In other words, a litigant who believes that a partial judgment is not final and appealable could have a subsequent appeal dismissed as untimely if the appellate court concludes that the earlier judgment was in fact final and appealable.