Tucker, Richard T., J.
Motion to Amend Complaint
Plaintiff, Douglas Cook (Cook) seeks to amend his complaint, that presently alleges legal malpractice committed by his attorney John Tara (Tara) during his divorce action, by adding as a defendant Nash and Company (Nash). It is alleged that Nash provided inaccurate accounting services and advice to Cook and/or his attorney resulting in an over-valuation of a significant asset. In the divorce distribution of marital assets this over-valuation, it is argued, resulted in Cook being required to pay to his spouse excessive amounts. Although these allegations are denied by the defendant, motions to amend are liberally granted. Rule 15, Mass.R.Civ.P. Accordingly, plaintiffs motion to amend is ALLOWED.
*376 Motion to Consolidate
Cook seeks to consolidate this present, as now amended, Superior Court action, Douglas Cook v. John Tara; Nash and Company, No. WOCV 2008-0507, with a presently pending action in the Milford District Court, Nash & Company, P.C. v. Jennifer M. Cook Co., No. 866 CV 791. The district court action presents a claim for payment for accounting services provided by Nash to Jennifer M. Cook Co., and a counterclaim alleging inaccurate services which allegedly cost the defendant company additional taxes.
Consolidation of separate cases is favored where the cases present “claims between the same parties that arise out of the same [relationship or event] and which could have been raised as claims and counterclaims in a single action ...” Trenz v. Family Dollar Stores of Massachusetts, Inc., 73 Mass.App.Ct. 610, 613 (2009). Rule 42, Mass.R.Civ.P. (when actions involving a common question of law or fact are pending before the court... it may order a joint trial...). Here the claims are not the same and the parties, with the exception of the recently added Nash, are different. There is, however, an intertwining of issues to a considerable extent and the parties, while not the same, are not completely foreign to each other.[1] The interests of justice will be furthered by consolidation. Holmer Realty Trust v. Granite City Storage Co., 25 Mass.App.Ct. 272, 279 (1988); Rule 42, Mass.RCiv.P. Accordingly, plaintiffs motion to consolidate is ALLOWED.

Douglas Cook is the owner of Jennifer M. Cook, Co. and it is alleged that Attorney John Tara hired Nash to provide him with accounting expertise in his representation of Cook’s interests in the divorce action.