**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1089**

STUART THOMPSON,

      Petitioner,

    v.

NORTHROP GRUMMAN SHIPBUILDING INCORPORATED; DIRECTOR, OFFICE
OF WORKERS' COMPENSATION PROGRAMS,

      Respondents.

On Petition for Review of an Order of the Benefits Review Board.
(BRB-10-0168)

Submitted: August 31, 2011    Decided: September 27, 2011

Before DUNCAN, AGEE, and WYNN, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

Gregory E. Camden, MONTAGNA KLEIN CAMDEN LLP, Norfolk, Virginia,
for Petitioner. Jonathan H. Walker, MASON, MASON, WALKER &
HEDRICK, PC, Newport News, Virginia, for Respondents.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stuart Thompson appeals the order of the Benefits Review Board ("the Board") reversing the decision of the District Director of the Office of Workers' Compensation Programs awarding attorney's fees to Thompson's counsel from Northrup Grumman Shipbuilding ("the Employer") and remanding for consideration of Thompson's liability for attorney's fees. This court may exercise jurisdiction only over final orders of the Board. 33 U.S.C. § 921(c) (2006); see Eggers v. Clinchfield Coal Co., 11 F.3d 35, 38 (4th Cir. 1993) ("The finality requirement contained in § 921 encompasses the same concepts as finality in 28 U.S.C. § 1291 [(2006)]."). Because the Board did not determine the amount of the attorney's fees and remanded the case for further proceedings, the Board's order is not a final order. See John v. Barron, 897 F.2d 1387, 1390 (7th Cir. 1990) ("An award of attorneys' fees which does not fix the amount of the award or specify a formula allowing the amount to be computed is not a final decision within the meaning of 28 U.S.C. § 1291."); Dir., Office of Workers' Comp. Programs v. Bath Iron Works Corp., 853 F.2d 11, 16 (1st Cir. 1988) (holding that "order remanding . . . to an ALJ for further findings is not, in general, immediately appealable under 33 U.S.C. § 921(c)"); Dir., Office of Workers' Comp. Programs v. Brodka, 643 F.2d 159, 161 (3d Cir. 1981) (finding appeal premature where Board "made a

2

determination of liability for attorney's fees but . . . remanded the case to the deputy commissioner to determine the amount").

Accordingly, we dismiss the petition for review for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED