**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1432**

CHARLES A. HAYWOOD,

        Petitioner,

      v.

NORTHROP GRUMMAN SHIPBUILDING INCORPORATED; DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United States Department of Labor,

        Respondents.

On Petition for Review of an Order of the Benefits Review Board (BRB-1: 10-0147).

Submitted: October 13, 2011      Decided: October 17, 2011

Before SHEDD, AGEE, and WYNN, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

Charles A. Haywood, Petitioner. Benjamin M. Mason, MASON, MASON, WALKER & HEDRICK, PC, Newport News, Virginia; Mark A. Reinhalter, Ann Marie Scarpino, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondents.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Haywood petitions this court for review of the order of the Benefits Review Board ("the Board") vacating the decision of the District Director of the Office of Workers' Compensation Programs awarding attorney's fees to Haywood's counsel payable by Haywood and remanding for further proceedings. He also petitions for review of the Board's order denying reconsideration. This court lacks jurisdiction to review the order denying reconsideration. See Betty B Coal Co. v. Dir., Office of Workers' Comp. Programs, 194 F.3d 491, 496 (4th Cir. 1999) (dismissing for lack of jurisdiction petition seeking review of order "summarily deny[ing] reconsideration").

Turning to the underlying Board order,[*] this court may exercise jurisdiction only over final orders of the Board. 33 U.S.C. § 921(c); see Eggers v. Clinchfield Coal Co., 11 F.3d 35, 38 (4th Cir. 1993) ("The finality requirement contained in § 921 encompasses the same concepts as finality in 28 U.S.C. § 1291 [(2006)]."). Because the Board remanded the case for further

---

[*] Haywood filed his petition for review within sixty days of the Board's denial of reconsideration. See 33 U.S.C. § 921(c) (2006) (requiring that petition for review be filed within sixty days of Board order); 20 C.F.R. § 802.406 (2011) (sixty-day period for filing petition runs from issuance of Board's decision on reconsideration).

proceedings, the Board's order is not a final order.  See <u>Dir.,</u> <u>Office of Workers' Comp. Programs v. Bath Iron Works Corp.</u>, 853 F.2d 11, 16 (1st Cir. 1988) (holding that "an order remanding . . . to an [administrative law judge] for further findings is not, in general, immediately appealable under 33 U.S.C. § 921(c)").

Accordingly, we dismiss the petition for review for lack of jurisdiction.  We deny Haywood's motion to hold his case in abeyance and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DISMISSED</u>