*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-154

OCTOBER TERM, 2013

| | | |
|---|---|---|
| Timothy Miller | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Chittenden Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Mortimer Kaufman, Mary Ann Bovat, | } | DOCKET NO. S0764-12 CnC |
| & Clyde Bovat | | |

Trial Judge: Geoffrey W. Crawford

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals pro se from a superior court order dismissing his action for injunctive relief and wrongful eviction against defendants, the owner and managers of the mobile home park where plaintiff and his wife lease property. We conclude that the appeal is not from a final judgment, and therefore must be dismissed.

The undisputed facts may be summarized as follows. In May 2012, plaintiff—who was on parole—was arrested for violating his parole conditions and incarcerated. In July 2012, while still incarcerated, plaintiff filed a complaint for injunctive relief against defendants—the owner and managers of Sunset Lake Villas, the mobile home park where plaintiff and his wife lease a plot for their trailer. In his complaint, plaintiff asserted that defendants had violated 10 V.S.A. § 6237, which provides, in part, that "[a] leaseholder shall not be evicted by force or any other self-help measure," and 10 V.S.A. § 6245(b) & (c), which provide that no park owner may directly or indirectly deny a leaseholder access to or possession of his or her mobile home or leased property "except through proper judicial process." The complaint alleged that defendants violated the statutory provisions by providing false information about plaintiff to a Department of Corrections (DOC) case worker and plaintiff's parole officer, who were investigating whether the mobile home park would provide suitable housing if plaintiff were furloughed—essentially functionally evicting plaintiff without complying with the statute governing evictions. The complaint further alleged that defendants began the process of evicting plaintiff in retaliation for his complaint to defendants in violation of 10 V.S.A. § 6247. Plaintiff sought an order compelling DOC to release him from prison, and damages of $50,000. Defendants answered and subsequently moved to dismiss for failure to state a claim for which relief may be granted under V.R.C.P. 12(b)(6).

In the meantime, Sunset Lake Villas filed an eviction action against plaintiff and his wife, which was consolidated with plaintiff's action. See V.R.C.P. 42(a) (court may order

joint hearing or trial in actions involving common question of law or fact pending before the court). Plaintiff moved to dismiss the eviction complaint or for summary judgment in his favor. In February 2013, the trial court issued a written ruling in both matters. The court dismissed plaintiff's complaint for failure to state a claim, finding that—even assuming all of the allegations to be true—there was "no allegation in the complaint or otherwise that [plaintiff] was removed from the park through force or self-help or in some other way which violated the law," or that defendants had "step[ped] outside of the appropriate legal process to remove a resident." The court entered a judgment of dismissal of plaintiff's complaint in February 2013, and an amended judgment in March 2013. As for the eviction action, the court rejected plaintiff's claim that the complaint was untimely or invalid, and therefore denied his motions for dismissal or summary judgment, indicating that the matter would be set for final hearing. That matter is still pending. This pro se appeal by plaintiff followed.

"[W]hen there is a judgment in a consolidated case that does not dispose of all claims which have been consolidated, there is a strong presumption that the judgment is not appealable absent Rule 54(b) certification." Hageman v. City Investing Co., 851 F.2d 69, 71 (2d Cir. 1988); see V.R.C.P. 54(b) ("When more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may direct the entry of a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay . . ."). The trial court here did not designate its judgment of dismissal as final pursuant to V.R.C.P. 54(b). Moreover, the court gave a clear indication that this was not its intent. On April 26, 2013, the court issued issuing a ruling sua sponte in response to plaintiff's notice of appeal, which it interpreted as a motion for interlocutory appeal. The court indicated that "[b]ecause the two dockets have been consolidated, the court has not issued a final judgment order in either case." The court went on to conclude that the matter did not meet the criteria for interlocutory review under V.R.A.P. 5(b), as it involved principally a factual dispute and did not present controlling questions of law. Plaintiff did not appeal from this denial.

Although some courts have adopted a flexible case-by-case rather than a uniform approach to determining whether consolidated matters may be appealed separately, based in part on the nature of the cases, the extent of consolidation, and the impact on judicial efficiency, we need not determine which approach governs in Vermont. In this case, where the parties and subject matter are closely aligned, the consolidation was unreserved, and it is evident—as the trial court concluded—that separate appeals would not materially advance termination of the litigation, appeal of the judgment dismissing plaintiff's case would be premature under either approach. See, e.g., Eggers v. Clinchfield Coal Co., 11 F.3d 35, 39 (4th Cir. 1993) (holding that "judicial economy will best be served" by postponing appeal in the consolidated matters); see generally Trenz v. Family Dollars Stores of Mass., Inc., 900 N.E.2d 97 (Mass. App. Ct. 2009) (discussing various approaches to consideration of appeals in consolidated matters); J. Gerson, The Appealability of Partial Judgments in Consolidated Cases, 57 U. Chi. L. Rev. 169 (1990) (same). In this case, one of plaintiff's claims is that defendant's eviction action amounts to wrongful retaliation. To allow an appeal of that claim, while the underlying eviction action is still pending, would be particularly misguided. Accordingly, we conclude that the appeal is premature, and must be dismissed. See

2

Huddleston v. Univ. of Vt., 168 Vt. 249, 251 (1998) (noting that final judgment is prerequisite to appellate jurisdiction).

Appeal dismissed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice