**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1706**

DANIEL WATSON, as Personal Representative of the Estate of
David W Watson, deceased,

             Plaintiff - Appellant,

      v.

ROBERT A ADAMS, in his individual capacity as a police
officer with the Town of Chesterfield; ERIC HEWETT, in his
individual capacity as Chief of Police for the Town of
Chesterfield; LESLIE DAVIS, in his individual capacity as
Lance Corporal with the South Carolina Highway Patrol; SOUTH
CAROLINA DEPARTMENT OF PUBLIC SAFETY; CHESTERFIELD, TOWN OF,

             Defendants – Appellees,

      and

CHESTERFIELD POLICE DEPARTMENT,

             Defendant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.   Bruce H. Hendricks, District
Judge.  (4:12-cv-03436-BHH)

Submitted:  March 18, 2016           Decided:  March 25, 2016

Before WILKINSON, MOTZ, and THACKER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Patrick J. McLaughlin, WUKELA LAW FIRM, Florence, South Carolina, Franklin B. Joyner, Jr., JOYNER LAW FIRM, Cheraw, South Carolina, for Appellant. Andrew F. Lindemann, DAVIDSON & LINDEMANN, P.A., Columbia, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Watson ("Watson"), as personal representative of the estate of David Watson ("David"), filed separate wrongful death and survival actions against Robert Adams; Eric Hewitt; Leslie Davis; the South Carolina Department of Public Safety; and the Town of Chesterfield, South Carolina (collectively, "Defendants"). Both cases arose from the same core of operative facts and allegations related to Defendants' Fourth Amendment violations and state law torts against David, which Watson contends prompted David's suicide. These cases were consolidated in the district court pursuant to the parties' consent motion, on the ground that they involved the same parties and subject matter. In response to Defendants' identical motions in the two actions, the district court granted summary judgment only in the wrongful death action.

Watson now seeks to appeal the district court's order denying his motion to alter or amend that judgment. Because we are obliged to inquire sua sponte into matters of our own appellate jurisdiction, see Feldman v. Law Enf't Assocs. Corp., 752 F.3d 339, 346 (4th Cir. 2014), we directed the parties to provide supplemental briefing addressing whether this appeal is interlocutory. For the reasons that follow, we dismiss the appeal.

We may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545-47 (1949). "In the ordinary course a final decision is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Ray Haluch Gravel Co. v. Cent. Pension Fund, 134 S. Ct. 773, 779 (2014) (internal quotation marks omitted).

Although the district court has entered judgment in Watson's wrongful death action, it has not yet issued a final order in the survival action with which it is consolidated. In Eggers v. Clinchfield Coal Co., 11 F.3d 35 (4th Cir. 1993), we adopted a case-by-case approach to determining whether a judgment entered in one of several consolidated cases is final and appealable, relying on concepts of finality encompassed in 28 U.S.C. § 1291. Id. at 39. We recognized that the determination must be made by seeking guidance from several factors, including "whether a case has been consolidated for all purposes, such as for discovery and trial, and whether the decision on one claim may affect the rights of the parties regarding the other claim." Id.

4

While Watson argues that the appeal is appropriate for certification under Fed. R. Civ. P. 54(b) and Braswell Shipyards, Inc. v. Beazer E., Inc., 2 F.3d 1331 (4th Cir. 1993), Watson did not seek, and the district court did not grant, certification for an interlocutory appeal under Rule 54(b) or 28 U.S.C. § 1292(b). Nevertheless, Eggers acknowledged that considerations underlying Rule 54(b) certification may be relevant to the finality inquiry presented here. See 11 F.3d at 39 n.5.

We have reviewed the parties' arguments in view of Eggers and Braswell Shipyards and conclude that the appeal is interlocutory. Watson's wrongful death and survival actions were consolidated in the district court for all purposes. The issues presented in the parties' original briefs — both related to proximate causation and to the underlying Fourth Amendment issues — are intertwined with those issues still pending before the district court in the survival action. Additionally, while a retrial of the survival action ultimately could be required if the causation issue raised in this appeal was wrongly decided, we find that judicial economy weighs more strongly in favor of postponing judicial review.

Accordingly, we dismiss for lack of jurisdiction. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED</u>