NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-686

DAVID R. KNIGHTLY

vs.

TOWN OF AMHERST.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, David R. Knightly, retired from the Amherst police department (department) as a lieutenant, after having been passed over for promotion to captain.  He brought the underlying Superior Court action against the defendant town of Amherst (town), alleging that by failing to promote him to captain, the town retaliated against him for having previously brought discrimination claims against the town.  A Superior Court judge entered summary judgment in favor of the town, and the plaintiff appeals.  We affirm.

Background.  We draw the facts from those in the summary judgment record which the parties have agreed are undisputed, considering them in the light most favorable to the plaintiff, the party against whom summary judgment entered.  See Flint v. Boston, 94 Mass. App. Ct. 298, 299 (2018).  In December 2017,

the plaintiff filed with the Massachusetts Commission Against Discrimination (MCAD) a charge (2017 MCAD charge) alleging discrimination against the town.  After withdrawing the 2017 MCAD charge, in August 2018 the plaintiff filed a complaint (2018 complaint) in Superior Court against both the town and the department, alleging discrimination based on age, handicap, and gender.  The 2018 complaint also alleged that the town and the department had retaliated against him in violation of G. L. c. 151B, § 4, for bringing the age and gender discrimination claims.

In 2019, the plaintiff was one of four lieutenants in the department, all of whom applied for promotion to a single vacant position of captain.  The plaintiff had more seniority than the other three candidates.[1]  Effective February 8, 2019, one of the other lieutenant candidates was promoted to the position as captain.  On December 4, 2019, the plaintiff filed with the MCAD a retaliation charge against the town.

In April 2020, on the 2018 complaint, a Superior Court judge allowed summary judgment for the town on the plaintiff's discrimination claims and his retaliation claim under G. L. c. 151B, § 4 (4), but denied summary judgment on the plaintiff's

---

[1] The department is not subject to the civil service statute, G. L. c. 31.  If it were, G. L. c. 31, § 8, may have provided the plaintiff with an advantage in promotion based on "greatest length of service" of the four candidates.

2

G. L. c. 151B, § 4 (4A), retaliation claim arising from statements allegedly made by the police chief in September and December 2017.[2]

In May 2021, the plaintiff filed against the town the complaint at issue here (2021 complaint), alleging that the town violated G. L. c. 151B, § 4, by denying his application for promotion to captain in retaliation for his having previously engaged in protected activity by filing the 2017 MCAD charge.[3] A Superior Court judge sua sponte consolidated the case involving the 2021 complaint with the one involving the remaining count on the 2018 complaint. In June 2022, the same judge allowed the town's motion for summary judgment on the 2021 complaint, and judgment entered for the town. The plaintiff filed timely notice of appeal.[4]

---

[2] The judge noted that Knightly clarified for the first time in his post-hearing brief that his retaliation claim is brought under both G. L. c. 151B, § § 4 (4) and 4 (4A), and he added a further basis for his retaliation claim that he was not promoted from lieutenant to captain in February 2019. The judge held that the nonpromotion claim had not been brought to MCAD and was not encompassed within the complaint.

[3] The 2021 complaint did not specify a subsection of G. L. c. 151B, § 4, nor did it allege facts to support a claim that any person had "coerce[d], intimidate[d], threaten[ed], or interfere[d] with" the plaintiff in the exercise or enjoyment of his rights as an employee as prohibited by § 4 (4A).

[4] As of oral argument, the remaining count of the 2018 complaint was pending and scheduled for trial. The question has not been raised as to whether the summary judgment on the 2021 complaint is immediately appealable. See Trenz v. Family Dollar Stores of

Discussion.  "Our review on summary judgment is de novo."

Yee v. Massachusetts State Police, 481 Mass. 290, 294 (2019).

"In considering a motion for summary judgment, we review the

evidence and draw all reasonable inferences in the light most

favorable to the nonmoving party," here, the plaintiff (citation

omitted).  Verdrager v. Mintz, Levin, Cohn, Ferris, Glovsky &

Popeo, P.C., 474 Mass. 382, 395 (2016).  The town, as the moving

party, has "the burden of establishing that there is no genuine

issue as to any material fact and that [it is] entitled to

judgment as a matter of law" (citation omitted).  Id.

A claim of retaliation is a separate and distinct claim

from one for discrimination, and a retaliation claim may succeed

even if the underlying discrimination claim fails.  See Abramian

v. President & Fellows of Harvard College, 432 Mass. 107, 121-

122 (2000).  Although the word "retaliation" is not used in

G. L. c. 151B, see Verdrager, 474 Mass. at 405 n.33, the concept

---

Massachusetts, Inc., 73 Mass. App. Ct. 610, 613 (2009) (where
summary judgment is ordered on one of two consolidated cases,
appellant must obtain Mass. R. Civ. P. 54 (b) certification
allowing immediate appeal).  Under the particular circumstances
here, however, we are of the view that the judge's sua sponte
consolidation of the two cases did not result in this case
losing its separate status for purposes of the final judgment
requirement.  While the better practice would have been to
obtain a Mass. R. Civ. P. 54 (b) certification, here we will
consider the appeal because "[d]ismissal of the appeal would
serve no purpose and might require the parties to return to
reargue issues already briefed and argued" (quotation and
citation omitted).  Commercial Wharf E. Condominium Ass'n v.
Boston Boat Basin, LLC, 93 Mass. App. Ct. 523, 532 n.20 (2018).

4

is contained within the meaning of G. L. c. 151B, § 4 (4), which provides that it is an unlawful practice for an employer "to discharge, expel or otherwise discriminate against any person because he has opposed any practices forbidden under this chapter or because he has filed [an MCAD charge]."  See Bain v. Springfield, 424 Mass. 758, 765 (1997).  A failure to promote may constitute retaliation.  Cf. Verdrager, supra at 406 ("step-back" was retaliatory).

To survive summary judgment on his retaliation claim, the plaintiff was required to produce evidence from which a jury could infer (1) that he "reasonably and in good faith believed that the [town] was engaged in wrongful discrimination"; (2) that he "acted reasonably in response to the belief" by engaging in protected activity, here, by filing the 2017 MCAD charge; (3) that the town "took adverse action against" him, here, by failing to promote him in 2019; and (4) "that the adverse action was a response to [his] protected activity" (quotations and citations omitted).  Verdrager, supra at 405-406.  For the purposes of summary judgment, the town concedes the first three elements, but argues that the plaintiff did not produce evidence as to causation.

Because employees claiming retaliation often cannot produce direct evidence that an employer's "forbidden motive" caused the adverse action, courts apply "a three-stage burden-shifting

5

paradigm." Verdrager, 474 Mass. at 406, citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-805 (1973). As applied in this case, the first stage required the plaintiff to produce evidence that he "suffered some adverse action, and that 'a causal connection existed between the protected conduct and the action.'" Verdrager, supra, quoting Mole v. University of Mass., 442 Mass. 582, 591-592 (2004). At the second stage, the town would be required to articulate "a legitimate, nondiscriminatory reason" for not promoting the plaintiff. Verdrager, supra, quoting Elser v. Sylvia-Reardon, 473 Mass. 775, 780 n.7 (2016). Finally, at the third stage, the plaintiff would be required to produce evidence that the town's "stated reason for [not promoting him] was a pretext for retaliating against" him on account of his protected activity. Id.

At the first stage, the mere occurrence of an adverse employment action after the employer has learned of the employee's protected activity does not necessarily show a causal relationship. Mole, 442 Mass. at 592. "That an employer knows of a discrimination claim and thereafter takes some adverse action against the complaining employee does not, by itself, establish causation. 'Were the rule otherwise, then a disgruntled employee . . . could effectively inhibit a well-deserved [lack of promotion] by merely filing . . . a discrimination complaint.'" Id., quoting Mesnick v. General

6

Elec. Co., 950 F.2d 816, 828 (1st Cir. 1991), cert. denied, 504 U.S. 985 (1992). "Ordinarily, one event following another is not, by itself, sufficient evidence of causality to establish a prima facie case of unlawful retaliation, particularly where . . . the two events are separated by months, not days." Dube v. Middlesex Corp., 59 Mass. App. Ct. 734, 741 n.3 (2003).

The judge concluded that the plaintiff's showing failed at the first stage, because he had not shown a causal connection between his bringing the 2017 MCAD charge and the town's failure to promote him to captain in February 2019. The judge concluded that the fourteen months that elapsed between those two events was too long a period to give rise to an inference of causation, particularly because the plaintiff pointed to no other evidence of any discriminatory or disparate treatment during that time. We agree. See Dube, 59 Mass. App. Ct. at 741 (evidence "too tenuous" to support inference of retaliation, where nine months lapsed after latest request for accommodations, and employee suffered no other adverse job action during that period). See also Mole, 442 Mass. at 595 ("as the elapsed time between those two events becomes greater, the inference weakens and eventually collapses"). Contrast Verdrager, 474 Mass. at 398-400, 407 (causation shown, where during two and one-half years between plaintiff's filing of MCAD gender discrimination charge and her

7

termination, employer subjected her to disparate treatment, undermining, and criticisms based on stereotypes).

Because we agree with the judge that the plaintiff did not present evidence to show causation that his being passed over in February 2019 for promotion to captain was in retaliation for his having brought the 2017 MCAD charge, we do not reach the plaintiff's claims that the judge erred in applying the second and third stages of the test.[5]  See Mole, 442 Mass. at 602.

Judgment affirmed.

By the Court (Englander, Grant & Brennan, JJ.[6]),

*Joseph F. Stanton*

Clerk

Entered:   April 21, 2023.

---

[5] Nor do we reach the plaintiff's claim that Adams v. Schneider Elec. USA, 101 Mass. App. Ct. 516, 525 (2022), further appellate review granted, 490 Mass. 1108 (2022), should control here.

[6] The panelists are listed in order of seniority.

8